**FILED**

**RECEIVED**

MAY 2 2 2008

MAY 2 1 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1  CHARLES WALTON F48589

2  Avenal State Prison

3  PO Box 8

4  Avenal, Ca 93204

E-filing

8  UNITED STATES DISTRICT COURT

9  FOR THE

10  NORTHERN DISTRICT OF CALIFORNIA

**SBA**

CV 08    2590  **(PR)**

13  CHARLES WALTON,
          Plaintiff,

14

15          v

16  WILLIAM GAUSEWITZ, Director of The
    California Department of Corrections and
17  Rehabilitation (CDCR); James E. Tilton, Se
    Secretary of CDCR; James D. Hartley, (A)
18  Warden CDCR's Avenal State Prison (ASP);
    L. Ochoa, Associate Warden of CDCR's ASP;
19  L. McManus, Correctional Lieutenant of CDCR's
    ASP; N. Lopez, Appeals Coordinator of CDCR's
20  ASP; S.T. Smith, Appeals Coordinator of CDCR's
    ASP; H.R. Allison, Appeals Coordinator of CDCR's
21  ASP; M.Cruz, Mail Room Sergant at ASP; Scott
    Weedhouse, Senior Accountant at ASP; Gabriele
22  Rosindez, Trust Office Personnal at ASP; K. Bay,
    Correction Counselor I; Canoza, Correctional
23  Officer at ASP; Montana, Sargent at ASP; John
    Doe Sargent at ASP; John 2/Jane Doe Mail
24  Room Personnel at ASP; John 3 Doe Custody
25  Officer at ASP;

26          Defendant(s),

Case No. _____

COMPLAINT UNDER THE
CIVIL RIGHTS ACT, 42 USC
1983 and DEMAND FOR
JURY TRIAL

1 of 118

# TABLE OF CONTENTS

CAPTION . . . . . . . . . . . . 1

I.    JURISDICTION . . . . . . . . 1

II.   VENU . . . . . . . . . . . 2

III   EXHAUSTION OF ADMINISTRATIVE REMEDIES. . . 2

   A.   Place of incarceration . . . . . 2

   B.   Plaintiff has pursued relief through available Administrative . . . 2

   C.   Grievances Submitted . . . . . 2

     I.   Mail Room / Trust Office / Custody Officials / Law Library . 2

     II.   Amended, M. Cruz Complaint ASP-M-07-03479. . 3

     III.  Amended, C/O Canoza Complaint ASP-M-08500550 . 3

     IV.   Amended, G. Resindez Complaint . . . 4

     V.    Amended, Mail Rm appeal, ASP-M-08-00518 . . 5

   D.   Plaintiff has exhausted, to the best of his ability. . 5

   E.   Claims not raised through the Administrative Appeals Process 5

IV.   PARTIES . . . . . . . . . 6

   A.   Plaintiff . . . . . . . . 6

   B.   Defendants. . . . . . . . 6

V.    FACTS . . . . . . . . . 8

VI.   LEGAL CLAIMS . . . . . . . 15

   A.   Deprivations of Plaintiffs Right of Access to The Courts. 15

   B.   Retaliation Plaintiff for the Excercise of Plaintiff's 1st Amend. 16

     United States Constitutional Rights. . . . 16

VII.  PRAYER FOR RELIEF . . . . . 18

   DEMAND FOR JURY TRIAL . . . . 19

VIII. VERIFICATION . . . . . . . 20

EXHIBITS

   Exhibits A . . . . . . . . 21

2 of 118

A(1) - General Administrative Appeal. IAB # 0714065    (22)
    (Mail Room, Trust Office, Law Library, Custody Officers)

  Tab 1    23

    1-1. Original CDC Form 602 Filed submitted 9/14/07    24

    1-2. First Lvl Screening dated 9/26/07    25

    1-3. Plaintiff's Response submitted 9/29/07    26-28

    1-6 Envelope addressed to defendant, that complaint was mailed in
        Post Marked 10/5/07    29

    1-7 Final Screenout dated 10/18/07    23

  Tab 2  (Same appeal as above that was mailed to CDCR Dir. Gravsewitz)#0714065    30

    2-1 Inmate Appeals Branch (IAB) Sac. Screening dated 12/19/07    30

    2-2 CDC 602 Plaintiff sent to Gravsewitz after being Screened Out at    31
        ASP (see below at Tab 3, for duplicates of documents that were attached)

  Tab 3  (Same as above this copy was sent to CDCR Sec. Tilton)#0713308    32

    3-1 IAB screening dated 12/12/07    33

    3-2 Same as above 2-2    33

    3-3 832.5 Citizens Complaint    34

    3-4+5 Notice of Personnel Involved (as instructed for the filing of 832.5)    35-36

    3-6 to 28 Notice of Complaint and State Claim with Memorandum of    37-59
        Authorities dated/submitted 10/24/07.

A(2) - Amendant M. Croz (Mail Rm. Sergeant) Complaint. ASP-M-07-03479; IAB#0715748    (60)

  Tab 1    61

    1-1 2nd Formal Lvl. response dated 2/4/08    61-62

    1-3 to 5 Plaintiff's ITAS Trust Account Display [Provided by Lt. McManus]    63-65

    1-6+7 Documents Supporting Plaintiff's Allegations (Photocopied Envelope)    66-67

    1-8 Staff Complaint (ASP-M-07-03479) Plaintiff Filed/submitted 12/1/07    68

    1-9 Court Notice to File In Forma Pauperis    69

    1-10 to 12 Plaintiff's Legal Mail Log    70-72

3 of 118

1    1-13    Unsigned Rights and Responsibility Statement    73
2    1-14    Proof of Service    74
3    1-15    Plaintiff's Final Lvl. response submitted 2/13/08    75
4    A(3) - Amended, Canoza (Custody Officer) Complaint, ASP-M-08-00550; IAB#0717507    76
5    Tab 1    77
6    1-1    CDC 7362 Form, Plaintiff used as a Proof of Service submitted 1/25/07    77
7    1-2    Proof of Service for 5 "D" Lvl response submitted 1/3/08    78
8    1-3    "    "    "    " initial Informal Lvl. Submittance 12/19/07 (1st Amend)    79
9    1-4    1st amended complaint (602) submitted 12/19/07 (unassigned)    80
10    1-5    Continuation page for 5 "A" 5 "602" submitted 12/19/07    81
11    1-6    Unsigned Rights and Responsibility Statement dated 12/19/07    82
12    1-7    Screenout dated ~~12/19/07~~ 12/27/07    83
13    1-8    "D" Lvl response to defendants 12/27/07 screen out submitted 12/31/07    84
14    1-9    Defendants Screenout dated 1/16/08    85
15    1-10    "F" 5 response to 1/16/08 screenout    86
16    1-11    Final Screenout dated 2/7/08    87
17    1-12    Envelope complaint was mailed to Hartley in ~~December~~ January    88
18    Tab 2    (2nd Amended Complaint submitted 2/13/08, ASP-M-08-00550)    92
19    2-1 to 3    1st Formal Lvl response Memorandum dated 3/2/08    89-91
20    2-4    2nd Amended Complaint submitted 2/13/08    92
21    2-5    1st Amended Complaint screenout dated 2/7/08    93
22    2-6    Unsigned Rights and Responsibility Statement dated 2/13/08    94
23    2-7    Plaintiff's psyche records dated 8/17/07    95
24    A(4) - Amended, Gabriela Resindez, Staff Complaint (unassianed)    96
25    Tab 1    (Amended Complaint Submitted 2/12/08)    97
26    1-1    3/12/08 Screenout    97
27    1-2    Staff Complaint (602) submitted 2/12/08)    98
28    1-3    Unsigned Rights and Responsibility Statement    99

4 & 118

1        1-4   4/17/07   R. Navarro (Litigation Coordinator) Procedure Memorandum    100

2        1-5   2/26/08 Screenout                                      101

3        1-6   Plaintiff's response to 2/26/08 Screenout submitted 3/6/08    102

4        1-7+8   Documents substantiating Plaintiff's allegations    103 / 104

5 A(5) - Amended . Mail Rm. Appeal ASP-M-08-00518               (105)

6     Tab 1                                                 106

7        1-1   Administrative Appeal submitted 1/9/08.    106

8        1-2+3   1st Formal Lvl. response dated 2/26/08    107

9        1-4   Supporting Documents    109

10       1-5   Copy of ODM § 54I0.20.1    110

11       1-6   Supporting Document    111

12       1-7,8   Copy of ODM    112 / 113

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5 of 118

1  CHARLES WALTON, F48589

2  Avenal State Prison

3  P.O. Box 8

4  Avenal, Ca 93204

5

6

7

8  UNITED STATES DISTRICT COURT

9  FOR THE

10  NORTHERN DISTRICT OF CALIFORNIA

11

12

13  CHARLES WALTON,                          Case No._____
                Plaintiff,
14                                           C O M P L A I N T    U N D E R
15        v.                                 T H E    C I V I L    R I G H T S
16  William Gausewitz,Director of The        A C T .    4 2    U S C   1 9 8 3
    CALIFORNIA DEPARTMENT OF CORRECTION
17  and REHABILITATIONS(CDCR); James         a n d    D E M A N D    F O R
    E Tilton, CDCR Secretary; James D.
18  Hartley, (A)Warden of Avenal State       J U R Y    T R I A L
    Prison(ASP); L. Ochoa, Associate
19  Warden of ASP; L. McManus, ASP's
    Correctional Lieutenant(Lt); N.
20  Lopez, ASP's Appeal Coordinator; S.
    T. Smith, ASP's Appeal Coordinator;
21  H.R. Allison, Appeal Coordinator of
    ASP;M. Cruz, MailRoom Sargent of ASP
22  ; Scott Woodhouse, ASP's Senior
    accountant; Gabriela Resindez, ASP's
23  Trust Account Office Personnel; K.
    Bay, ASP's Correctional Counselor;
24  Canoza, ASP's Correctinal Officer;
                Defendant(s)
25  _____/

26  _____

27  I. JURISDICTION

28     1. This is a Civil Action authorized by 42 U.S.C. Section 1983 to

(1)

6 of 118

redress the deprivation, under color of state law, of the rights
secured by the Constituion of The United States.

2. This Court has jurisdiction over plaintiff's Federal Claims
under 28 U.S.C. Sections 1331 and 1343(a)(3).

3. This Court alson has jurisdiction over plaintiff's State Law
Claims under 28 U.S.C. 1367.

4. Plaintiff seeks declatory relief pursuant 28 U.S.C. Sections
2201 and 2202.

5. Plaintiff's claims for injunctive relief are authorized by 28
U.S.C. Sections 2283 and 2284 and Rule 65 of The Federal Rules of
Civil Procedure.

II.  VENU

6. The Northern District of California is an appropriate venu under
28 U.S.C. Section 1391(b)(1) because the Director of CDCR is in
Northern California.

III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

A. Place of present incarceration, Avenal State Prison.

B. Plaintiff has submitted several Administrative Appeals raising
   the matters stated in this complaint.

C. Grievances submitted and exhausted/exhaustion being sought:

   I. Mail Room, Trust Office, and Custody Staff, Log#unassigned;
      see Exhibit A(1).

      7. 9/14/07, Plaintiff submitted grievance( on Defendants: M.
         Cruz, G. Resindez, and C/O Canoza)on several matters, to
         Defndant James D. Hartley through legal mail.

         a. Informal Lvl-9/26/07, Defendants N.Lopez/S.T. Smith/
            H.R. Allison screened out plaintiffs appeal under CCR
            3084.4 and 3084(c).

(2)

7 of 118

       i. 9/29/07, Plaintiff resubmitted the appeal complying with their instructions, to the best of his ability.

       ii. 10/25/07, Defemdants screened under the same erronios screening; with no clear instructwion on how to proceed.

   b. Informal Lvl-12/19/07, CDCR's Inmate Appeals Branch(IAB) of Sacramento assiggn IAB#0714065(note-this appeal was ma iled to Defendant William Gauseqitz, Director Of CDCR).

II. Amended Complaint-M.Cruz,ASP-M-07-03479;IAB#0715748(see Exhibit A(2)).

   8. 12/1/07, Plaintiff submitted an amended Staff Misconduct Complaint, to raise matters only relating to M.Cruz's conduct

      a. Informal Lvl. Defendant(s) ByPassed per. CCR 3084.5.(a)(3)(G) to 1st Formal Lvl..

   b. b. 1st Formal Lvl. 2/16/08 Defendant(s) L.McManus interviewed plaintiff; at which time plaintiff affirmed and reasserted allegations stated in the complaint.

      c. 2nd Formal Lvl. 2/7/08 Defendant L.Ochoa partially granted Plaintiff's complaint.

       i. 2/13/08, Plaintiff resubmitted the Complaint to the Directors Lvl, after noticing several factually inaccurate statements, Defendants asserted.

      d. Directors Lvl. Awaiting response.

III. Amended Complaint- Canoza, ASP-M-08-00550; IAB#0717507, see Exhibit A(3).

   9. 12/19/07, Plaintiff submitted an amended Staff Misconduct Complaint, raising matters only relating to Canoza's conduct mentioned herein this complaint (note- this appeal was mailed to defendants Hartley and Gausevitz.).

a. Informal Lvl. 12/27/07, Defendants screened out over AB05/03 and directed plaintiff on how to proceed.

   i. 12/31/07, Plaintiff believing the screening to be erroneous submitted the complaint to the next level for review with an explanation.

b. 1st Formal Lvl. 1/16/08 Defendants screened out on the same grounds.

   ii. Plaintiff confused resubmitted and cited the rules governing this process.

   ii. 1/29/08, The IAB & Sac assigned log # IAB#0717507 and classified the appeal as a Staff Complaint.

   iii. 2/7/08, Defendants informed Walton not to resubmit, and that failure to comply would result in confiscation of the complaint.

     A. 2/14/08 Plaintiff submitted a [2nd Amended Complaint].

       I. 2/26/08, Defendants assigned log # ASP-M-08-00550.

aa. Informal Lvl. 2/26/08 Defendants notified the Plaintiff his complaint is being forwarded to the 1st Formal Lvl.

bb. 1st Formal Lvl. 3/2/08, Defendants (unknown Sargent) interviewed Plaintiff and informed him he would further investigate.

c. 2nd Formal Lvl. Plaintiff awaiting response and results of inquiry.

IV. Amended Complaint - Gabriela Resindez, unassigned ; see Exhibit A(4)

  10. 2/12/08, Plaintiff submitted Staff Misconduct Complaint, raising matters relating to G. Resindez's conduct mentioned herein this complaint (note - this appeal was mailed to defendants Hartley and Giavsewitz).

   a. Informal Lvl. 2/26/08 Defendants removed the supporting documents and screened out plaintiffs complaint. Defendants instructed Plaintiff to include supporting documents, and other erroneous excuses for not processing complaint

    i. 3/6/08, Plaintiff resubmitted the appeal with all of the requested, for the 2nd time; and mailed copies to Defendants Lopez, Smith and Allison and the IAB & Sac.

   b. 1st Formal Lvl. No Reply.

V. Amended Complaint - Mail Room (Policy), ASP-M-08-00518, see Exhibit A(5)

11. # 1/10 or 13/08, Plaintiff submitted an appeal raising matters mentioned in this complaint (note - this appeal was mailed to defendant Hartley)

    a. Informal Lvl. 2/07/08, Plaintiff recieved Defendants response, denying Plaintiffs grief, and remedy being sought.

      i. 2/7/08, Plaintiff resubmitted the appeal and briefly stating the rules governing the matters stated therein.

      ii. 2/21/08, Plaintiff recieved notice of appeal assignment ASP-M-08-00518.

    b. 1st Formal Lvl. 2/26/08, Defendant(s) Mail Room Sargent Montana, the previouse mail room Sargent Johnson another Sargant and Lieutenant interviewed Plaintiff at which time plaintiff feeling intimidated and fear, affirmed and reasserted the allegations of the complaint.

      i. Sargent Johnson made several comments to Plaintiff about looking at the Plaintiffs files, and about sueing Avenal personnel and inmates civil rights.

        A. Montana said the complaint would be returned no later than 2/29/08.

    c. 2nd Formal Lvl. No Reply.

D. Plaintiff has exhausted/is persueing exhaustion of all available administrative remedies within the CDCR and ASP, in the above referenced administrative appeals; to the best of his ability.

    12. Plaintiff will amend complaint to include exhausted complaints upon the instruction of the Court.

    a. however Plaintiff believes Defendants have purposefully delayed with intent to deny the plaintiff and other inmates the right to redress, and of equal protection of the law; and to weaken Plaintiffs Resolve.

E. Failure to raise matters of some claims through the grievance process.

    13. Matters raised in this complaint are of continueous ongoing violations.

    14. Inmates are restricted in their use of the administrative appeal process.

(5)

10 of 118

15. SNY Inmates access to the law library is restricted to maybe 2hrs/wk.

A. Filing Administrative Appeals on All Named Defendant(s) would insight more retaliation and harrasment.

   I. Inmates can be subject to many forms of retaliation: e.a.,

      16. refosal of hygiene materials

      17. reading or interfering with an inmates legal papers

      18. placing inmates in segragatdon or [p]oor living conditions

      19. transfering inmates to another cell/prison or not transfer

      20. threats or even Assolt.

   II. There is a lot that Angry Prison Officials Can get away with.

**IV    PARTIES**

  A. PLAINTIFF

21. Plaintiff, Charles Everett Walton Jr., CDC# F48589, is and or was at all times mentioned herein is/was prisoner of the State of California in the costody of the CDCR, and is corrently confined in Avenal State Prison, in Avenal California.

  B. DEFENDANTS

22. Defendant, William Gacsewitz is the Director of CDCR. He is legally responsible for the overall operation of The Department and [e]ach institution under Its jurisdiction including ASP where Walton is confined. Gacsewitz is also the CDCR Final Policy Maker.

23. Defendant, James E. Tilton is the Secretary of CDCR, and is legally responsible for the overall operation of The Department and [e]ach institution under Its jurisdiction including ASP where Walton is confined. Tilton is also a CDCR Final Policy Maker.

24. Defendant, James D. Hartley, is the Warden of ASP. He is ASP's Final Policy maker who is legally responsible for the operation of ASP and for the welfare of each inmate at ASP.

25. Defendant, L. Ochoa is the Associate Warden of ASP. She is a Policy Makers and Supervisory Official who is legally responsible for the operation of ASP and for the welfare of each inmate at ASP.

(6)

11 of 118

26. Defendant, L. McManos is a Correctional Lieutenant of ASP. She is a Supervisory Official who is legally responsible for the operation of ASP and for the welfare of each inmate of ASP.

27. Defendant, Scott Woodhouse is the Senior Accounting Officer of ASP. He is/was the Supervisory Official of ASP's Accounting Office/Department. Upon information and belief, and thereon plaintiff alleges, he is responsible for promulgation, supervising the promulgation of, implementation, supervising the implementation of, monitoring compliance with, enforcing/supervising the enforcement of policies and procedure affecting the processing of inmates financial request and needs at ASP.

28. Defendant, R. Navarre is the Litigation Coordinator and is/was of ASP. Upon information and belief, and thereon plaintiff alleges, he is the Supervisory Official who is/was responsible for implementing, supervising the implementation of, monitoring compliance with, supervising the monitoring of the compliance with, enforcing/supervising the enforcement of policies and procedures affecting all aspects of inmate legal matters at ASP.

29. Defendant, N. Lopez is an Appeals Coordinator at ASP. He is responsible for processing all appeals, monitoring the system, preparing the quarterly appeals report, recommend corrective action were indicated, work with the IST (In-Service Training) Officer to see that training on the appeals procedure is carried out, and he is to "Provide an avenue for the exhaustion of administrative remedies prior to advancing to the Courts..." isee DOM 354100.2; DOM Article 53 et seq.-

30. Defendant, S.T. Smith is an Appeal Coordinator at ASP, whose duties and responsibility are the same as defendant N. Lopez.

31. Defendant, H.R. Allison is an Appeal Coordinator at ASP, whose duties and responsibility are the same as the afore mentioned Appeals Coordinator(s).

32. Defendant, M. Cruz is/was the Mail Room Sargant mentioned herein this complaint at ASP. He is/was the the Supervisory Official responsible for enforcing/supervising the enforcement of policies and procedures affecting the processing and distribution of inmate mail at ASP.

33. Defendant, Johnson is a Correctional Sargant at ASP. He is a Supervisory Official

128118

who is responsible for operations at ASP and for the welfare of each inmate at ASP.

34. Defendant, Gabriela Resindez is/was a Trust Office Personnel at ASP. She is responsible for the processing of inmate request for Certified Trust Account Statements, and procedures concerning inmate trust accounts at ASP.

35. Defendant, Canoza is a Custody Officer at ASP. He is/was a properly trained Correctional Officer who is/was "responsible for the safe custody of the inmates confined in the institutions of the department", see 15CCR3 3271.

36. Defendant, K. Bay is a Correctional Counselor I at ASP. He is a properly trained correctional officer, per 15 CCR 3 3271 et seq., and he is also responsible for processing inmate's request for Certification of Funds/Trust Account Statements; as well as inmates other legal request/issues.

37. Each Defendant, is sued in their individual and official capacities.

38. At all times mentioned in this complaint ~~the~~ Defendants have and continue to act under the "The Color of State Law."

## V.   FACTS

39. At all relevant times mentioned herein this complaint plaintiff, Walton, and all those similarly situated are/were inmates in the care, custody, safekeeping and control of CDCR Officials/Personnel while incarcerated at Avenal State Prison.

40. 4/9/07, Plaintiff was transferred to ASP, from Delano State Prison and housed in Facility 4 Gym a couple days later moved to Housing Unit (H.U.) 410-1-78U.

41. Inmate Willie Brooks, CDC# P16665 was moved into 410-1-78 m approximately a later; then eventually dorm 9.

42. Plaintiff, Brooks and Other Inmates were concerned for their health and worried about catching ~~disease~~ because of the unsanitary housing. Inmates were being forced to flush toilets with buckets and wade through human waste to use the bathroom; to perform lifes basic functions.

43. About mid-May 2007, Brooks helped Walton begin writing a Civil Complaint under 42 USC 8 1983 for Cruel and Unusual Punishment.

13 of 118

44. About 6/11/07, Plaintiff mailed out the complaint to: The Honorable Judge Henderson of The U.S.N. Dis. Cst of Cal., Janine Warden of The U.S. Justice Department, The Prison Law Office, Andy Furrillo of The Sacramento Bee and Robert Sillen of The Pris. Health Care.

45. 6/14/07, Plaintiff mailed another copy addressed to The Office of The Clerk of The N. Dis. Cst of Cal. (due to concern ASP Officials may have screened the Plaintiff's mail to Judge Henderson) and requested a legal mail log.

46. Brooks (6/15/07) instructed plaintiff to submit a GA-22 (Inmate request )for a Certified Trust Account Statement.

47. Plaintiff recieved the request legal mail log, that showed two back to back mailings (on June 14 and 15) to the Courts. Plaintiff questioned Cenoza about why his mail wasnt mailed wenhe sent it. Cenoza became defensive and hostile.

48. 6/20/07, Plaintiff recieved filed 1983 complaint, Case No. CV-07-03246-SBA.

49. Plaintiff continued to mail copies of the complaint to numerous Agencies/Organizations.

50. 7/13/07, Plaintiff notice from the Warden stateing Grasewitz and Tilton, faxed ASP a copy of the 602 (ASP-M-07-01846).

51. 7/15/07, Brooks instructed Plaintiff in drafting a Motion for Enlargement of Time to file In Forma Pauperis, and mailed it to the Court.

52. 7/16/07, Plaintiff recieved the requested Certified Trust Statement nearly a month after it was requested. Upon information and belief, and thereon, Plaintiff alleges that the defendant, Resindez deliberately withheld plaintiff requested documents to cause the dismissal of CV-07-03246-SBA for failure to meet the filing deadline. Plaintiff mailed out the Forma Pauperis and Certified Trust Statement.

53. Upon information and belief, and thereon, Plaintiff alleges that defendants now aware of the pending civil suit (CV-07-03246-SBA), purposefully refused plaintiff the postage required for mailing the In Forma Pauperis to Court to ensure an untimely filing: defendants further withheld the returned mail (for insufficient postage) for nearly a month passed its due date.

54. 8/10/07, Defendants finally returned the In Forma Pauperis, that was originally mailed out 7/16/07 and returned 7/18/07, for being 39¢ short on postage.

(9)

14 of 118

55. Plaintiff returned to H.U. 410, and gathered the correct postage and a new envelope, sat with Sanford Blum CDC# _____ and Brooks, addressed the envelope, discussed the Defendant(s) (ASP et al.) deliberate intentional obstruction of Plaintiffs access to the Courts; as he waited for defendant Canoza to call for Legal Mail.

56. Aproximately 9pm defendant Canoza called for out going legal mail, at which time Plaintiff complied with orders and aproached the podium. Plaintiff put the original envelope contain the In Forma Pacperis still unopened into the new envelope (to show the Court that the late filing was no fault of the plaintiffs).

57. The defendant abruptly stopped the plaintiff, with physically intimidating posture, leaning toward and hostily questioning him "what do you think you are doing?" then raised his hand again (plaintiff new worried defendant might loose his temper, took a couple half shstlle steps back, to get out of arms reach)"You can't do that!!!". Defendant demanded the plaintiff remove the document from the sealed envelope; and snatched the envelope from the plaintiffs hands demanded and ordered he open it. Plaintiff pleaded with defendant but feeling nervous and pressured he gave in.

58. The defendant attempted to further intimidate (the plaintiff weighing only 155 lbs - Canoza out weighed the plaintiff by 40 lbs easy and was obviously more muscular) and coax the plaintiff into not sending the original envelope saying "You are not allowed to do that", plaintiff scared asked, anyways, "So are you my lawyer now?". Defendant then called the plaintiff a "Smartass" and "Asshole"; and he eventually performed his duties and sent all of it to the court.

59. 8/17/07, Plaintiff was prescribed sleep aides cause he was having nightmares of the custody officers hurting him.

60. Plaintiff unfamiliar with judicial procedure, and layman in the law, was forced to make a number of visits to the law library to obtain the copies required by the courts for service of summons. †

62. Inmates are required to disclose the parties, of the action being persued in court, prior to the provision of copies of inmates legal documents As a result of this policy Prison Officials/

(10)

15 of 118

Personnel and Inmate Library Clerks are fully aware of the nature of, and what stage an inmate may be at in the litigations they are involved in.

63. 9/19/07 Plaintiff mailed 1AB #0714065 (dated for 9/4/07) to defendant(s) ASP's Appeal Coordinator(s), raising issues within the Mail Room, Trust Office, Custody Officers and Library Personnel and its policies. The appeal was eventually screened out for raising multiple claims in a single appeal. Even though all the claims raised affected plaintiff's access to the courts; the plaintiff eventually amended each claim and raised each in a seperate appeal.

64. Plaintiff desperate, from being bombarded with ongoing violations, sought help by informing the US. Justice Department, Internal Affairs (IA), Attorneys Generals (AG) Office, The US. Dis. Crt of Cal., Inspector Generals (IG) Office, and The CDC Ombudsmen between 9/20/07 thro 9/24/07

65. Upon information and belief, and thereon, Plaintiff alleges that inmates seeking vindication and relief from/for wrongs suffered are all too often subjected to many forms of retaliation and reprisals for embracing and exercising their Protect Rights, of the US/State Constitution(s)

66. Plaintiff has witnessed Brooks recieve opened legal mail.

67. 10/1/07 C/O Doe passing out legal mail (at work-change) and it is upon information and belief, and thereon, Plaintiff alleges that C/O Doe only need to look at the filing stamp in the right corner to verify it was from the court, there was no need to examine the content of the document.

68. Plaintiff was moved to H.U. 35D of 3 yard (10/16/07)

69. 10/30/07 Plaintiff and Gregory Welker approached the podium as ordered by Officer Cruz for legal mail call, at which time C/O Cruz questioned/commenting on the amount of legal mail plaintiff was sending; and on/of who plaintiff was writting; and all the while reading plaintiff's mail.

70. 10/29/07, Plaintiff mailed the second 1983 to the N.D. Crt of Cal.

71. 11/8/07, Plaintiff recieved notice the complaint was filed as Case No. CV-07-05580-SBA, to file and In Forma Pauporis along with Certification of Fund and Trust Account Statement by 12/1/07.

72. Plaintiff submitted a GA-22 requesting a Certified Trust Statement.

73. 11/27/07, Plaintiff submitted another Cus-22 form requesting a Certified Trust Statement while informing defendant of the pending court deadline. Plaintiff anticipating the defendantes reluctance to provide the statement, the plaintiff drafted yet another Motion for an Enlargement/Extension of Time to file the Informa Pauperis and Trust Statement.

74. 11/29/07, Plaintiff mailed the Motion to the Court.

75. 12/3/07, Plaintiff submitted ASP-M-07-03479 (M.Cruz), the 1st amended Staff Misconduct Conduct Complaint, to IAB#0714065, that was submitted 9/14/07 to defendants (cc: Hartley, Gwsewitz, IG and the WCR Ombudsman).

76. 12/5/07 Defendant K.Bar failed to provide the plaintiff [A]ll the documents necessary for filing In Forma Pauperis. Defendant put the documents in the envelope with the In Forma Pauperis and [h]e sealed it. Plaintiff unfamiliar with every aspect of the law and of judicial/court procedure wasn't aware the defendant did not enclose everything needed for filing the In Forma Pauperis with the Court. Plaintiff alleges, upon information and belief, that defendant acted in retaliation for plaintiff exercising his protected rights, and done with the intent to cause Civil Action C.V-07-05580-SBA to be dismissed, as it was on 2/29/08 or 2/28,28,08 for failing to file the Certification of Funds that should have been included on 12/5/07.

77. 12/6/07, Plaintiff sent notice and complaint of defendant Rosindez's less than professional performance in fulfilling her assigned duties (cc: Hartley, Gwsewitz).

78. 12/11/07, Plaintiff recieved Motion For Enlargement/Extension of Time.

79. 12/18/07, Lieutenant Henson interviewed plaintiff regarding ASP-M-07-0347 (M.Cruz).

80. Plaintiff recieved notice of filed In Forma Pauperis (filed 12/11/07)

81. 12/19/07 Plaintiff recieved an arbitrary screenout of G.Rosindez complaint, 12/20/07 plaintiff resubmitted to IAB that it could be logged and classified.

82. 12/30/07 Plaintiff submitted ASP-M-07-00550, IAB#0717507 (Canoza) eventually twice amended complaint, to IAB#0714065 that was originally submitted 9/14/07 (cc: Hartley, Gwsewitz). Defendants screened out the first amended complaint. Plaintiff now pursuing exhaustion on 2nd amended Staff Complaint.

178118

83. 12/26/07, Plaintiff submitted IAB #0719549 (Salinas) amended complaint to IAB #0714065, (cc: Hartley, Grosswitz) plaintiff lacks resources to pursue further, it is beyond the scope of plaintiffs ability.

84. 1/6/08  Plaintiff, now deadull, drafted notice to authorize plaintiffs next kin to oversee his legal matters in case he should become incapacitated/diceased.

85. 1/9/08  Plaintiff recieved open confidential mail from the United States Postal Service (ASP-M-08-00518). 1/10/08 Plaintiff submitted appeal on this issue.

86. 1/17/08, Plaintiff alleges upon information and belief, that C/O Sadac failed to follow procedure in processing inmates legal mail and check plaintiffs mail searching for verbal contraband.

87. 1/22/08, Sadac did the same as he did 1/17/08.

88. 1/23/08, Plaintiff recieved notice granting plaintiffs Motion For Enlargement Time and an Order to the Court with Certification of Funds in Case No. CV-07-05580-SBA.

89. 1/24/08, Plaintiff submitted a GA-22 form requesting "Certified Trust Statement, for court deadline 2-14-08".

90. 1/24/08  Defendents returned ASP-M-08-00550, IAB #0717507 (Canoza) erroniously screening out plaintiffs complaint. Upon information and belief and thereon, Plaintiff alleges their intent is to prevent exhaustion of administrative remedies.

91. Plaintiff was moved to H.D. 320

92. 1/27/08, Plaintiff resubmitted ASP-M-08-00550 to Defendant Hartley.

93. 1/27/08, Plaintiff submitted another GA-22 stating "1) I have moved, as of 1-26-08, from HU. 350 to 320; I requested a Certified Trust Statement (for a court deadline of 2-11-08) prior to this housing change. 2) I need a Certified Trust Account Statement by 2-11-08 for court deadline.". Defendant replied on [B]oth times stating "We Need Your Legal Paper work First," However this is not only contrary to the intent of the In Re Hall Supreme Court Ruling in [1940], but her request of CDCs policy at ASP.

94. 1/29/08, C/O Perkins harrassed Plaintiff about the amount of legal mail was sending and recieving.

95. 2/5/08, Defendant Lieutenant McMillian interviewed plaintiff concerning ASP-M-07-03479.

(13)

188 118

96. 2/6/08 Plaintiff submitted 3rd GA-22 for Certified Trust Statement, and directed defendant to the R. Navarro (Litigation Coordinator) Memorandum setting forth the procedures for processing inmates request for Certified Trust Statement.

97. 2/7/08 C/O's Patty and Wolfe attempted to deny plaintiff the right to correspond confidentially with defendant Warden Hartley. They said they were ordered not to allow inmates to correspond confidentially with the Warden.

98. 2/11/08 Plaintiff recieved response on ASP-M-07-03479 (Cruz); ASP-M-08-00550 (Canosa); and unassigned 1st amend Resindez Complaint

99. 2/14/08 Plaintiff submitted the Cruz and Canosa complaints to the next Lvls, and 2nd amended Resindez complaint to only raise matters of her most recent (1-24+27-08) denials intended to ensure the dismissal of CV-07-05580-SBA.

100. 2/23/08 Plaintiff submitted Motion for Enlargement of Time.

101. 2/26/08 Mail Room Sergeant Montana and Johnson interviewed Plaintiff concerning ASP-M-08-00518. Montana made inappropriate statements about Civil Rights and Johnson made inappropriate comments about not caring who I'm sueing and made a threat to go look in my file to find out why I was here.

102. 2/26/08 Correctional Counselor I (CCI) Rodriguez provided plaintiff the request Certification of Funds in the manner as defendant K. Bay, as instructed in the R. Navarro Memorandum.

103. 3/2/08 Sergeant G. Schnecker interviewed plaintiff concerning ASP-M-08-00550.

104. 3/6/08 Plaintiff recieved Judgement Dismissing CV-07-05580-SBA. Upon information and belief, and thereon, Plaintiff alleges the defendants have acted in concert in causing the dismissal of CV-07-05580-SBA.

105. Plaintiff recieved ASP-M-08-00518; ASP-M-08-00550 and unassigned G. Resindez complaint 3/14/08

106. It is upon information and belief, and thereon, Plaintiff alleges that defendants arbitrary erroneous screenouts of 602's submitted, is being done out of retaliation for plaintiff is excercise of his protected rights, and is intended to cause plaintiff to give up as well as deny plaintiff access to available administrative remedies, to prevent access to the Courts.

# VI  LEGAL CLAIMS

## A.  DEPRIVATIONS OF PLAINTIFF'S RIGHT OF ACCESS TO THE COURTS

107. Plaintiff realleges and incorporates by reference paragraphs 1-106

108. Defendant Gabriela Resindez's denial of plaintiff's request for a "Certified Trust Statement, for a court deadline..." (see above at paragraph 89) violated plaintiff's right of access to the Courts under the 1st, 9th and 14th Amendments of the United States Constitution.

109. Defendant K. Bavis failure to provide all the necessary documents, for plaintiff to file In Forma Pauperis (see above at paragraph 76) violated plaintiff's rights, and constituted a deprivation of plaintiff's right of access to the Courts under the 1st, 9th and 14th Amendments of the United States Constitution.

110. Defendant M. Cruz failed to ensure sufficient postage was provided for mailing plaintiff's In Forma Pauperis to the court (see above at paragraph 53); the defendant also failed to ensure the prompt return of plaintiff's legal mail, by withholding said [l]egal mail for another 22 days before returning to plaintiff (see above at paragraph 54) violated plaintiff's rights, and constituted a deprivation of plaintiff's right of access to the Courts under the 1st, 9th and 14th Amendments of the United States Constitution

111. Defendant(s) N. Lopez / S.T. Smith / H.R. Allison arbitrary inmate appeals screening practice restricts plaintiff's ability to exhaust the available administrative remedies; doing so constitutes a deprivation / hinderance of plaintiff's right of access to the courts under the 1st, 9th and 14th Amendments of the United States Constitution.

112. Defendant R. Navarro failed to direct defendant Resindez in the procedures, outlined in his April, 2007 Memorandum for the processing of inmate's request for Certified Trust Account Statements violated plaintiff's rights, and constituted a deprivation of plaintiff's right of access to the courts under the 1st, 9th and 14th Amendments of the United States Constitution.

113. Defendant Scott Woodhouse's failure to instruct / train Post Office / Accounting Personnel in the correct procedures, policies and regulations governing the raised herein this complaint

violated plaintiff's rights, and constituted a deprivation of plaintiff's right of access to the courts under the 1st, 9th and 14th Amendments of The United States Constitution.

114. Defendant(s) J. Alton/J. Hartler/L. Ochoa/L. McManus/Sergeant Johnson to failed to enforce the policies, procedures and regulations governing the matters raised in this complaint that caused those violations of plaintiff's rights, and constituted the deprivations of plaintiff's right of access to the courts under the 1st, 9th and 14th Amendments of The United States Constitution.

## B. RETALIATION PLAINTIFF SUFFERED FOR THE EXCERCISE OF PLAINTIFF'S FIRST AMENDMENT U.S. CONSTITUTIONAL RIGHTS

115. Plaintiff realleges and incorporates by reference paragraphs 1-106.

### I. Protected Conduct:

116. Complaints plaintiff filed under 42 USC § 1983 (see CV-07-03246-SBA; CV-07-05580-SBA) against CDCR Prison Officials and Personnel; and all of the above mentioned Administrative Appeals plaintiff has filed.

### II. Prison Official(s)/Personnel(s) - Adverse Action(s):

117. Defendant G. Resindez's refusal to provide the plaintiff with documents the Court has ordered be produced; and demanding plaintiff provide her with confidential legal documents. Caused plaintiff to miss filing deadline that caused the dismissal of a claim in which he sought relief for ongoing violations by Prison Officials.

118. Defendant K. Bay withheld the Certification of Funds required by the Court for the processing of plaintiff In Forma Pauperis; thereby Causing the dismissal of Plaintiff's complaint for failure to provide request Certification of Funds.

119. Defendant Sergeant Johnson making irrelevant intimidating comments, threatening to find out what plaintiff is incarcerated for; during an interview for an Administrative Appeal. Intended to deter plaintiff from exhausting available Administrative Remedies to prevent the seeking of Judicial Relief, which is a form of Censorship of an individuals excercise of their 1st amend rights.

(16)

120. Defendant(s) Echea/McManus/Lopez/Smith/Allison erroneous and arbitrary practices in the screening of inmates Administrative Appeals that are intended to make inmates loose all hope and render prisoners unable to seek relief in court.

121. Defendant M Cruz's refusal to return plaintiff's legal mail for over 20 days, without notice or explanation of why.

122. Defendant Camera trying to out right bully plaintiff into not sending out legal mail.

123. Plaintiff informed and believes, and thereon alleges: all of the defendents/CDCR Personnel have knowledge of plaintiff's legal matters.

## III  Casual Connection

124. The Administrative Appeals herein mentioned are the first close to any claim/lawsuit that an inmate may decide to raise/file in Court. Furthermore the plaintiff is currently seeking relief in another claim (CV-07-03246-SBA) for wrongs suffered by CDCR Officials/Personnel.

125. ASP Personnel and Costody Officers have expressed undue concern of plaintiff smatters. legal matters.

126. Plaintiff refers to and incorporates by reference paragraph 108-125.

127. Defendant(s) conduct violates 42 USC § 1983, because that conduct deprives plaintiff of his 1st Amendment Free Speech Rights and of the right of access to Court petition for the redress of grievances.

128. Plaintiff is informed and believes, and thereon alleges, that defendants acted intionally in the matters and manners described above with knowledge of plaintiff's legal pursuits.

129. Further informed and believes, and thereon alleges, defendants have conspired to obstruct justice and retaliated causing the deprivation of Federal Rights by doing affirmative act(s), by participating in another(s) act(s), or by failing to do an act(s) which he/she has a Duty to do.

130. As a proximate result of defendant(s) conduct, plaintiff has suffered and continues to suffer general damages in the form of lost weight, stomach problems, psychological

(17)

22 of 118

distress, missed filing deadlines, dismissed civil action and cost of paper, copies, pens, books, and postage. Plaintiff informed and believes, and thereon alleges, that he will continue to suffer such damages in the future.

131. As a further proximate result of defendant(s) conduct, plaintiff is informed and believes, and thereon alleges, that he will suffer special damages in the future in the form of medical/psychiatric expenses, and the expense of having to file/refile a case/this case if dismissed for failure to meet some technical requirement.

132. In acting as described herein above, defendants acted despicably, knowingly, willfully, and with reckless or callous disregard for plaintiffs Federally Protected Rights. Plaintiff is entitled to an award for the cost of litigation and court fees, and for medical/psychiatric expenses.

133. Plaintiff is entitled to declaratory/injunctive relief, including, but not limited to, an Order requiring his transfer away from Avenal State Prison, were he will not be subjected to retaliation intended to instigate/ratified by defendants.

134. The plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein. The balance of hardships tips markedly toward plaintiff in that there would be little or no prejudice or harm to defendants should plaintiff be transfered away from Avenal State Prison but great harm to plaintiff should he be required to stay at Avenal State Prison; unless this Court grants the declatory and injunctive relief which plaintiff seeks.

## VII   PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully prays that this Court enter judgement granting Plaintiff:

135.   A declaration that the acts and omissions described herein violated Plaintiff's rights under the Constitution and laws of the United States.

136.   A preliminary and permanent injunction ordering defendants to:

    1.   Provide plaintiff, and all those simulary situated, upon request as expiditiously as possible, requested Certified Trust Account Statement(s); without any undue delays.

That all CDCR personnel responsible for the processing of/provision of said documents, comply with the attach CDCR Memorandum in its entirety; (see Exhibit A(4) pg. 38¶7[April 17, 2007 R.Navarro Memorandum7).

2. Provide plaintiff and all those similarly situated, with the postage necessary for the mailing of legal document to all concerned parties.

3. That CDCR Mail Room Personnel forward/return inmates legal mail within a reasonable (as defined by the Court) amount of time.

4. That CDCR Personnel abstain from any/other subtle forms of Censoring Inmate(s) Petition to the Courts.

5. That CDCR Appeals Coordinators discontinue arbitrary response practices in the screening of inmates Administrative Appeals, by providing clear instruction on how to proceed in a way that will ensure exhaustion of all available administrative remedies.

6. That CDCR ASP Custody Officers/Supervisory/Administrative Officials refrain from any Conduct unbecoming a CDCR employee.

7. Transfer Plaintiff away from Avenal State Prison were he will no longer be subject to defendant(s) threats/duress/misconduct/reprisals/retaliation/discrimination.

137. Compensatory damages according to proof;

138. Punitive damages according to proof;

139. Reasonable Attorney's Fees pursuant 42 USC § 1988;

140. Cost of Suit; and

141. Such further relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff Charles Walton hereby demands a trial by jury

Dated: March 18    2008

Respectfully Submitted

By: _____

Charles Walton - F48589
pro se

VIII. VERIFICATION

142. I, Charles Walton, have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to these, I believe them to be true. I, pursuant to 28 USC §1746, certify under the penalty of perjury that the foregoing is true and correct.

Executed at Avenal California on March 18, 2008.

_____
Charles Walton F48589

25 of 118

(20)

A(1) – General (Mail Room, Trust Office, Law Library, Custody Officers) Administrative Appeal    22
        IAB # 0714065

A(2) – Amended, M. Cruz, Complaint, ASP-M-07-03479; IAB # 0715748    60

A(3) – Amended, Caneza, Complaint, ASP-M-08-00550; IAB # 0717507    76

A(4) – Amended, Gabriela Resindez, Complaint (unassigned - keep being arbitrarily    96
        Screened Out [see for yourself])

A(5) – Amended, Mail Room, Appeal, ASP-M-08-00518    105

A

EXHIBITS A



(21)

Tab 1.- Initial Administrative Appeal submitted 9/14/07, screened out 10/15/07
       by ASP Appeals Coordinators.                                            23

    1-2.- Original CDC Form 602 Filed submitted 9/14/07                         24

    1-3.  First Lvl Screening dated 9/26/07                                     25

    1-4  Plaintiff's Response submitted 9/29/07                                 26-28

    1-7  Envelope Plaintiff mailed the 9/29/07 response in                      29

    1-8  Last Screenout dated 10/15/07; Plaintiff then Amended his Complaints   23

Tab 2. - Same Complaint as Above mailed to Gassewitz, IAB#0714065             30

    2-1  IAB response/screening dated 12/19/07                                  30

    2-2  CDC 602 plaintiff sent to Gassewitz after being Screened Out at ASP;   31
         (see below at Tab 3 for duplicate of document that were attach before sending)

Tab 3    Same as above this Copy was sent to Tilton, IAB#0713308              32

    3-1  IAB response/screening dated 12/12/07                                  32

    3-2  Same as above at 2-2                                                   33

    3-3  Attached 832.5 Citizens Complaint                                      34

    3-4&5  Notice of Personnel involved (as instructed/directed when filing a 832.5)  35-36

    3-6 to 28  Notice of Complaint and Stated Claim with Memorandum of Authorities,  37-59
         dated 10/24/07, regarding the still ongoing violation being raised again
         herein this complaint



278/118                              (22)

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

October 15, 2007

350-2-34U

WALTON, F48589
410 1 00000078U

Log Number: ASP-M-
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

*This appeal constitutes an abuse of the appeal process pursuant to CCR 3084.4. Your appeal cannot be understood or is obscured by pointless verbiage or voluminous unrelated documentation CCR 3084(c).*

*Please provide description of occurrences, names and/or situations. Specifically, what action are you requesting, what tools and/or services?*

N. Lopez/ S. T. Smith/ H. R. Allison
Appeals Coordinator
Avenal State Prison

A(1) 1

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

**PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE**

28.8118                                    (23)

# INMATE/PAROLEE APPEAL FORM
CDC 602 (12/87)

| Location: Institution/Parole Region | Log No. | Category |
|---|---|---|
| 1. ASP | 1. | |
| 2. | 2. | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Charles Walton | F48589 | NA | 410-1-28 |

**A. Describe Problem:** Mailroom/Trust Office/Library/Custody Staff and Inmate "Library Clerks" hindering inmates ability to initiate or maintain the pursuit of legal claims by reading/interfering with an inmate's legal papers and the obstruction/denial of access to the courts. Avenal Prison Officials fail to provide the tools/materials needed "to attack their sentences, directly or collaterally, and in order to challenge their conditions of confinement," and Officials/Staff continue to deprive inmates of their rights protected by the U.S. Constitution and other federal/State sightteens and the California Code of Regulations. See attatchment

If you need more space, attach one additional sheet.

**B. Action Requested:** That CDCRs, Avenal Prison Officials/Custody Officers and Staff provide the tools/materials and services needed to pursue/redress claims/grievances in and for court, and to comply with their duties pursuant to 15 CCRs and all therein, and for the cost of any legal actions/court filing fees that may result from actions of state

Inmate/Parolee Signature: _____ Date Submitted: 9-14-07

**C. INFORMAL LEVEL** (Date Received: _____ )

Staff Response: _____

Staff Signature: _____ Date Returned to Inmate: _____

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Signature: _____ Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim.

CDC Appeal Number: _____

RECEIVED
OCT 11 2007
ASP APPEALS OFFICE

RECEIVED
SEP 25 2007
ASP APPEALS

29 of 118

(24)

First Level ☐ Granted ☐ P. Granted ☐ Denied ☐ Other ______

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: ______ Due Date: ______

**Interviewed by:** ______

Staff Signature: ______ Title: ______ Date Completed: ______

Division Head Approved: Returned

Signature: ______ Title: ______ Date to Inmate: ______

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

Signature: ______ Date Submitted: ______

Second Level ☐ Granted ☐ P. Granted ☐ Denied ☐ Other ______

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: ______ Due Date: ______

☐ See Attached Letter

Signature: ______ Date Completed: ______

Warden/Superintendent Signature: ______ Date Returned to Inmate: ______

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Signature: ______ Date Submitted: ______

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted ☐ P. Granted ☐ Denied ☐ Other ______

☐ See Attached Letter

Date: ______

CDC 602 (12/87)

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

*September 26, 2007*

**WALTON, F48589**
*410 1 00000078U*

Log Number: ASP-M-
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

*This appeal constitutes an abuse of the appeal process pursuant to CCR 3084.4. Your appeal cannot be understood or is obscured by pointless verbiage or voluminous unrelated documentation CCR 3084(c).*

*Please provide description of occurrences, names and/or situations. Specifically, what action are you requesting, what tools and/or services?*

Appeals Coordinator
Avenal State Prison

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

---

| PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE |
| --- |

30 of 118        (25)

To: Appeals Coordinator                    September 29, 2007

Re: Screening at the First Level - dated 9-26-07

Walton F48589

Re: Description Requested - Action Requested
Subject: Deprivations of Appelants Constitutional
          Right of Access to the Courts and Due Process

A. <u>Describe Problem</u>: September 16, 2007, Inmate (Indigent)
Walton was denied the number of copies necessary
to serve a copy of the complaint and notice (Summons)
on the defendants of the opposing party as required
by the Courts.

The evening of September 16, 2007 aproximately 8 to 8:30
two of CDCR Custody Officers refused to allow Tony
, the inmate "Library Clerk" to return legal documents
to Walton that were to be served by-mail [that
evening.] Nor were the officers willing to allow
Walton to retrieve, these legal documents, and
refused to bring the documents themselves.
[e]ven when Inmate Walton explained and [i]nformed
them of there importance of the documents.

Thereby obstructing the inmates access to the
Courts violating 15 CCR's §§ 3160, 3000.5.(c),
3004.(w), and the (New Section 3138 has been
relocated from existing section 3134 and is renumbered
and amendanded in its entirety.) 3134§. Indegent Inmates

31 of 118                    (26)      1 of 3

31348. (g)(1). "Upon request, institutions [shall] also provide [indigent] inmates free copies for the legal documents... required by the Court... for the opposing party and... for the inmates records. [The indigent inmate] is [e]ntitled to [free] copying of the exact number of the documents needed... " XXXXX

The Clerks and Library Personnel were aware of the legal documents that needed to be copied and for what purpose. I showed them and counted out the amount named in the Summons, but they refused to provide the tools, materials and services necessary. Instead I was forced to make multiple visits at separate libraries, thereby causing the untimely delay and further exascerbation of the handling of my legal documents.

This has not been the only hinderance and delay caused by CDCR HSP Staff and Personnel.

B. Action Requested: The due consideration and evaluation to be exempt from any leans against my account for ongoing court proceedings and/or any expense that is the result of the actions of CDCR's Employees/Staff's negligence and subordinate, in their failure to adhere to CDCRs own rules and regulations. Under 15 CPR § 31348. (g).(2).(3). "A charge [shall not] be placed against future deposits to the inmates trust account to

2 of 3

32 of 118                (27)

recover the cost of materials, copying and postage provided, while the inmate is indigent." Section B of the inmate appeal/grievance (602) submitted 9-14-07, is incorporated by reference and all mentioned therein.

THANK YOU

I declare under the Penalty of Perjury all of the foregoing to be true and correct. Executed September 29, 2007.

Respectfully Submitted,

Charles Walton #J48589

410-1-78u

*NOTE*
Please Provide Tracking Number

33 of 118                    (28)     3 of 3

Charles Walton F12559
Avenal State Prison
PO Box 5 410 ~
Avenal, Ca 93204

(29)

Confidential

LeWinton, Warden (A) [Charter]
Avenal State Prison
#1 Kings Way  P.O. Box 8
Avenal, Ca 93204

Legal

Confidential

LEGAL MAIL

OCT 5 2007

AVENAL STATE PRISON
MAILROOM

Legal

33 of 118

049JB2042606
$00.41⁰
10/05/2007
Mailed From 93204
US POSTAGE
neopost

33 of 118

(29)

STATE OF CALIFORNIA —DEPARTMENT OF CORRECTIONS AND REHABILITATION                    ARNOLD SCHWARZENEGGER, GOVERNOR

### INMATE APPEALS BRANCH

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



December 19, 2007


WALTON, CHARLES, F48589
Avenal State Prison
P.O. Box 8
Avenal, CA  93204


RE: IAB# 0714065        LEGAL

Mr. WALTON:

The Inmate Appeals Branch, California Department of Corrections and Rehabilitation (CDCR) acts for the Director, Division of Adult Institutions, at the third level of appeal.  The Branch examines and responds to inmate and parolee appeals that are submitted on a CDC Form 602, Inmate/Parolee Appeal Form, after the institution or parole region has responded at the Second Level of Appeal.

Institution and parole staff are available to assist you in obtaining additional copies of forms and documents required to submit an appeal.  The inmate library offers resources and assistance to obtain general information regarding regulations, procedures, policies, and government agency addresses. Additionally, your assigned Counselor or Parole Agent, or the Appeals Coordinator can answer any questions you may have regarding the appeals process.  The Inmate Appeals Branch appreciates your responsible use of the appeal system to address your grievance.

The Inmate Appeals Branch has received an appeal from you and has determined that it does not comply with the appeal procedures established in California Code of Regulations (CCR) Title 15, Article 8, and is being screened-out and returned to you pursuant to CCR 3084.3 for the following reason(s):

This appeal issue should be submitted directly to the Appeals Coordinator for review and appropriate action.


N. GRANNIS, Chief
Inmate Appeals Branch

A(1) 2

| ****PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE**** |
| --- |

(30)

# INMATE/PAROLEE
# APPEAL FORM
CDC 602 (12/87)

Location: Institution/Parole Region
1. _____ X S P

Log No.
1. _____

Category
_____

2. _____    2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly. *Emergency Appeal - Title 15 CCR § 3084.7 (a)(1)*

| NAME *Charles Walton* | NUMBER *F-48589* | ASSIGNMENT *NA* | UNIT/ROOM NUMBER |
|---|---|---|---|

A. Describe Problem: *See Attachments*

_____

_____

_____

_____

_____

_____

RECEIVED
NOV 27 2007
INMATE APPEALS BRANCH

If you need more space, attach one additional sheet.

B. Action Requested: *Provide the needed resources to effectively initiate/maintain lawsuits and an amount to be decided at trial*

_____

_____

Inmate/Parolee Signature: _____    Date Submitted: *10-24-07*

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

_____

_____

_____

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

| |
|---|

*35 of W8-*                    *131*

First Level    ☐ Granted     ☐ P. Granted     ☐ Denied     ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

_____

_____

_____

_____

_____

_____

Staff Signature: _____     Title: _____     Date Completed: _____

Division Head Approved:                                                                          Returned

Signature: _____     Title: _____     Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____     Date Submitted: _____

Second Level    ☐ Granted     ☐ P. Granted     ☐ Denied     ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____ Due Date: _____

☐ See Attached Letter

Signature: _____     Date Completed: _____

Warden/Superintendent Signature: _____     Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

_____

_____

_____

_____

_____

Signature: _____     Date Submitted: _____

For the Director's Review, submit all documents to: Director of Corrections
                                                     P.O. Box 942883
                                                     Sacramento, CA 94283-0001
                                                     Attn: Chief, Inmate Appeals

0714065

DIRECTOR'S ACTION:  ☐ Granted     ☐ P. Granted     ☐ Denied     ☐ Other _____

☐ See Attached Letter

                                                                              Date: _____

CDC 6O2 (12/87)

STATE OF CALIFORNIA —DEPARTMENT OF CORRECTIONS AND REHABILITATION                    ARNOLD SCHWARZENEGGER, GOVERNOR

**INMATE APPEALS BRANCH**

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



December 12, 2007

WALTON, CHARLES, F48589
Avenal State Prison
P.O. Box 8
Avenal, CA   93204

RE: IAB# 0713308        LEGAL

Mr. WALTON:

The Inmate Appeals Branch, California Department of Corrections and Rehabilitation (CDCR) acts for the Director, Division of Adult Institutions, at the third level of appeal.  The Branch examines and responds to inmate and parolee appeals that are submitted on a CDC Form 602, Inmate/Parolee Appeal Form, after the institution or parole region has responded at the Second Level of Appeal.

Institution and parole staff are available to assist you in obtaining additional copies of forms and documents required to submit an appeal.  The inmate library offers resources and assistance to obtain general information regarding regulations, procedures, policies, and government agency addresses. Additionally, your assigned Counselor or Parole Agent, or the Appeals Coordinator can answer any questions you may have regarding the appeals process.  The Inmate Appeals Branch appreciates your responsible use of the appeal system to address your grievance.

The Inmate Appeals Branch has received an appeal from you and has determined that it does not comply with the appeal procedures established in California Code of Regulations (CCR) Title 15, Article 8, and is being screened-out and returned to you pursuant to CCR 3084.3 for the following reason(s):

This appeal issue should be submitted directly to the Appeals Coordinator for review and appropriate action.

N. GRANNIS, Chief
Inmate Appeals Branch

A(1)3

36 8118                                 (32)

| ****PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE**** |

# INMATE/PAROLEE
# APPEAL FORM
CDC 602 (12/87)

| Location: | Institution/Parole Region | | Log No. | | Category |
|---|---|---|---|---|---|
| 1. | | | 1. | | |
| 2. | | | 2. | | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly. *Emergency Appeal - Per 15 CCR § 3084.7 (a)(1)*

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Charles Walton | T-48589 | N/A | |

A. Describe Problem: _____

_____

_____

_____

_____

_____

*See Attachments*

If you need more space, attach one additional sheet.

B. Action Requested: *Supply the resources required/needed for initiating and maintaining lawsuits/cases before the courts that amount to be decided at trial.*

*See Attachment 3*

Inmate/Parolee Signature: _____    Date Submitted: 10-24-07

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: Sub AC

NOV 14 2007
INMATE APPEALS BRANCH

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

37818

(33)

First Level ☐ Granted ☐ P. Granted ☐ Denied ☐ Other ______

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: ______ Due Date: ______

**Interviewed by:** ______

______

______

______

______

______

______

Staff Signature: ______ Title: ______ Date Completed: ______

Division Head Approved: Returned

Signature: ______ Title: ______ Date to Inmate: ______

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

______

______

______

______

Signature: ______ Date Submitted: ______

Second Level ☐ Granted ☐ P. Granted ☐ Denied ☐ Other ______

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: ______ Due Date: ______

☐ See Attached Letter

Signature: ______ Date Completed: ______

Warden/Superintendent Signature: ______ Date Returned to Inmate: ______

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

______

______

______

______

______

______

Signature: ______ Date Submitted: ______

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

0713308

DIRECTOR'S ACTION: ☐ Granted ☐ P. Granted ☐ Denied ☐ Other ______

☐ See Attached Letter

Date: ______

CDC 602 (12/87)

STATE OF CALIFORNIA
CDC 2142

DEPARTMENT OF CORRECTIONS

## CITIZEN'S COMPLAINT AGAINST EMPLOYEE OF THE
## CALIFORNIA DEPARTMENT OF CORRECTIONS

I wish to register a complaint against the following named employee(s) of the Department of Corrections:

| Employee(s) Name | Description (Job title, ID number, vehicle and license number, home address, etc.) | Employee's Work Location (if known) |
|---|---|---|
| | | |
| | *See Attachments* | |
| | | |

| Date(s) of Incident | Time of Incident | Location of Incident |
|---|---|---|

**Details of Complaint** (Include nature of complaint, names and addresses of witnesses and other involved parties, names of any law enforcement or social services agencies, doctors or attorneys contacted, a chronology of the events, etc. It is important to include as many factual details as possible so that your complaint may be thoroughly investigated. Attach additional sheets if necessary.)

_Comes now Appellant with notice that non Prison Officials continuous ongoing deprivations of prisoners constitutional rights. The jurisdiction of the proper hearing authority is herein invoked pursuant to CB 15078, 9710 and 9816, Penal Codes §§ 832.2, 932.5(a) and 832.7, CCR § 3391 and the California Codes of Regulations; in the the United States Constitution of Amendment the Due 1st, 5th, 8th, 14th D1.2., 14th D1.7. and 14th D1.15.1. All this notice to Citizens are incorporated by reference. See Attachments._

In order that the Department may contact you relative to your complaint, please provide the following:

Name: (please print) _Charles Walton F48589_     Home Phone: (     ) _____

Address: _PO Box 8, Avenal, Ca 93204_     Work Phone: (___)_____ Ext. ___

---

If your complaint is against a Department peace officer, you must read and sign the following statement:

YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A PEACE OFFICER FOR ANY IMPROPER PEACE OFFICER CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS' COMPLAINTS. YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE. THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY. CITIZEN'S COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS. IT IS AGAINST THE LAW TO MAKE A COMPLAINT THAT YOU KNOW TO BE FALSE. IF YOU MAKE A COMPLAINT AGAINST A DEPARTMENTAL PEACE OFFICER KNOWING THAT IT IS FALSE, YOU CAN BE PROSECUTED ON A MISDEMEANOR CHARGE.

I have read and understand the above statement: _____     _10-24-07_

Signature                                    Date

---

Your complaint may be submitted to any supervisor or manager of the Department, or may be addressed to the Department's Office of Internal Affairs at any of the Regional Offices indicated on the reverse of this form. Intentional filing of a false complaint against any departmental employee may result in adverse action against the complainant and/or prosecution under California law.

*For Departmental Use Only:*                    (34)

## CALIFORNIA DEPARTMENT OF CORRECTIONS
### Procedure for Processing Citizen's Complaints

*The Department of Corrections is committed to ensuring all departmental employees are courteous, ethical and professional in carrying out the Department's mission. The Department shall investigate citizen's complaints against employees to preserve the integrity and morale of the Department, foster public trust and confidence, and ensure accountability to the public. The investigations shall be thorough and impartial, with the intent of correcting or disciplining employees who engage in misconduct, identifying inadequate policies and training, and protecting employees who perform their duties properly from unwarranted criticism. The following outlines the process used by the Department for investigating complaints by citizens and departmental employees.*

1. Section 3391 (b) of Title 15 of the California Code of Regulations specifies that an allegation by a non-inmate of misconduct by a departmental peace officer is a citizen's complaint pursuant to Penal Code Section 832.5. A citizen's complaint against any departmental employee may be initiated by completing and submitting this form to: (a) Any departmental hiring authority, including warden/administrator of a correctional institution, parole office or other departmental office; (b) any departmental supervisor or manager; or, (c) any Regional Office or Headquarters Office of the Department's Office of Internal Affairs. If your complaint regards sexual harassment or discrimination based on race, gender, national origin, religion, sexual orientation, or disability, it may be referred to the Department's Equal Employment Opportunity Office for investigation and appropriate disposition.

2. Provide as much detail as possible on this form to ensure a thorough and timely investigation. Attach additional sheets if necessary to describe your complaint. In addition, attach any documentation you believe supports your complaint. The date, time and location of the incident, where the subject employee(s) works, and names, addresses and telephone numbers of other involved parties and witnesses are critical to a thorough investigation of your complaint.

3. Your complaint will be investigated by a departmental hiring authority or the Office of Internal Affairs depending on the nature and seriousness of the allegation(s).

4. As the complainant, you will be contacted during the investigation regarding the information provided on this form and supporting documents, as well as any other knowledge you may have relative to the allegation(s). You may be interviewed regarding your complaint and, if criminal conduct is alleged, you may also be contacted by other federal, state, and/or local law enforcement agencies.

5. The investigator will verify the information you provide by collecting evidence and interviewing witnesses, other involved parties and the subject employee. A final investigative report will be prepared at the conclusion of the investigation and you will be notified of the results of the investigation.

6. The departmental hiring authority will be provided with the investigative report. If any allegations of misconduct are sustained, a determination will be made regarding appropriate corrective and/or disciplinary action against the employee. The Director of Corrections has final authority on disciplinary matters.

7. In some cases, the results of the investigation may warrant changes to a departmental policy/procedure to alleviate any future concerns.

8. If formal adverse action is taken against the employee, the employee has a right to appeal this action to the State Personnel Board. The Board may uphold the Department's action, or overturn the action based on its own independent evaluation of the allegation(s) and finding(s).

9. Complaints and investigative reports will be retained by the Department for a period of five years.

10. It is against the law to make a complaint that you know to be false. If you make a complaint against a departmental peace officer knowing that it is false, you can be prosecuted on a misdemeanor charge in a criminal court.

---

**NOTE:** A complaint by an inmate or parolee under the Department's jurisdiction shall be made on the Inmate /Parolee Appeal Form (CDC Form 602) under the appeal process outlined in the California Code of Regulations, Title 15, Sections 3084 through 3084.7.

---

**Office of Internal Affairs:**

| | | |
|---|---|---|
| P.O. Box 3009 | 5016 California Avenue | 9035 Haven Avenue |
| Sacramento, CA 95812 | Suite 210 | Suite 105 |
| (916) 445-5323 | Bakersfield, CA 93309 | Rancho Cucamonga, CA 91730 |
| | (808) 335-7337 | (909) 483-1594 |

# I. PERSONNEL    INVOLVED

1. M. Cruz the Mail Room Sgt., and upon information and belief, and thereon appelent alleges, at all times relevant mentioned herein is/was employed by the California Department of Correction and Rehabilitation (CDCR) at Avenal State Prison (ASP). He is the Supervisory Official of the mail room, and is/was responsible for the implementation of/or the promulgation of, monitoring compliance with, supervising the monitoring of compliance with, enforcing/supervising the enforcement of policies and procedures affecting the processing of/distribution of inmate mail @ ASP.

2. Upon information and belief, and thereon appelent alleges, Salinas is/was the Supervisory Official of the Law Library, employed by CDCR @ ASP. She is responsible for promulgating, supervising the promulgation of, implementing, supervising the implementation of, monitoring compliance with, enforcing/supervising the enforcement of policies and procedures affecting the delivery of/availability of needed tools/materials/resources and services needed to garuntee meaningful access to the courts and to insure the safe handling of inmates, @ ASP legal documents.

3. Upon information and belief, and thereon appelent alleges DOE is/was the Supervisory Official of the Trust Office. DOE is employed by CDCR @ ASP, as Trust Office Manager/Supervisor. DOE @ all relevant times mentioned herein is/was responsible for promulgating, supervising the promulgation of, monitoring compliance with, enforcing/supervising the enforcement of policies/procedures affecting the processing of inmate accounts and

(35)

and the drafting of all documents/of all Tort Statements @ ASP.

4. Upon information and belief, and thereon alleged, Canoza @ all times relevant herein mentioned is/was employed by CDCR @ ASP as a correctional officer. Appelent upon information and belief, and thereon appelent alleges, that Canoza is a properly trained correctional officer who is/was responsible for the safety, security, and overall well being of all inmates @ ASP.

5. @ all times mentioned in this complaint, the above personnel, were/continue to act under color of state law.

6. @ all times mentioned in this complaint, each individual were/continue to act in their official capacity and in the scope of their employment.

7. Upon information and belief, and thereon appelent alleges and the supporting documents and statements of all those similary situated are alleged

8. The true names and capacity of DOE are presently unknown by the appelent. therefore appelent will seek leave to amend this complaint to add individuals and their true names and capacity when they have been ascertained.

Charles Walton F48589
Avenal State Prison
PO Box 8
Avenal, California 93204

October 24, 2007

Mr James E Tilton, Secretary
California Youth and Correctional Agency
PO Box 942883
Sacramento, California 94283-0001

Re: Discrimination

Subject: The deprivation/denial of prisoners right to have claims
heard by the Judicial Branch of Government

Mr. James E. Tilton, Secretary

Please be advised and duely informed I am a California State Prisoner
incarcerated at Avenal State Prison at Kings County.

This letter is in regard to the gross deprivation of prisoners Constitutional
Rights on the part of Avenal State Prison Officials.

This is a desperate and urgent plead/plea, on the behalf of Disabled inmates.
There is a large segment of the population who have made the choice of an
alternative life style.

James now, F. Joe Writes and all others similarly situated within notice of a class claim,
and of the unnecessary risk of future risk of future harm of Officials continuous
ongoing deprivation of prisoners constitutional rights.

The Jurisdiction of the proper hearing Authority is herein invoked pursuant to
Administrative Bulletins E-S-03, 9/10 and 96/10, also Penal Codes §§ 837.7,
832.8, 832.5, and 6125-6129, Government Codes §§ 11126 and 11583.5,

42 of 118

(37), c P2

11349.1, 11350, 11349.6, and 11349.7, CCR 3391 and the California Codes of they inform Title Fifteen; with the Constitution of the United States of America and the DOM §§ 51100.2, 51100.17, 51100.25.1.

All of the herein citations are incorporated by reference.

This evidence of the record, would lead a court/index to conclude the alleged retaliatory misconduct, herein mentioned, is sufficient enough to deter a person of ordinary firmness from exercising their constitutional rights to free speech and/or meaningful access to the courts.

Furthermore, this is an aggravated group of prisoners at Avenal State Prison, known as Sensitive Needs Yard (S.N.Y.). We believe these injustices are sober based on this state classification and penological designation.

Laguna v. Basulto Trustees, 302 F.Supp 789, 894 (N.D. Ill. 1969)(finding that "the ultimate end to interpret ties is the protection of the Constitutional rights which plaintiff respect").

The public interest is not served by the ongoing violations of prisoner(s) constitutional rights.

We are asking for your help, Please.

THANK YOU

Very Truly Yours,

Charles Walton F48589

(Appellant(s))

Avenal State Prison
PO Box 8
Avenal, Ca 93204

43 of 118                    (38)  2 of 2              Summum Bonum

Please be advised and duly informed I am a California State Prisoner incarcerated at Avenal State Prison of Kings County.

With a notice of an ongoing violation/deprivation of inmates constitutional rights of free speech and 1983. Respondents notes of retaliation for the filing of a Civil Rights lawsuit against prison officials, for the deprivation of prisoners Basic Human Needs.

This evidence, if believed would allow that finder to conclude the alleged retaliatory misconduct is sufficiently egregious to deter a citizen of ordinary firmness from exercising their constitutional rights of free speech and meaningful access to the courts.

Appellants, and all those similarly situated, as all those went through herein are/were inmates in the custody, care and safekeeping of CDCR employees at Avenal State Prison (ASP). At all times, during incarceration appellant(s) has relied on the Warden at ASP, to provide him/them with the tools, materials and the resources needed to attack their sentences, directly or collaterally and in order to challenge their conditions of confinement.

The right of access to the courts must be freely exercisable by a prisoner without hindrance or fear of retaliation.

State Prison regulations that restricted or effectively prohibit inmates from filing habeas corpus petitions or civil rights lawsuits in federal court to vindicate federally protected rights, are invalid.

"States may not abridge or impair a prisoner's rights to petition a federal court for the vindication of federal rights.

"Access to the courts means the opportunity to prepare, serve and file whatever pleadings or other documents are necessary or appropriate in order to commence or prosecute court proceedings affecting ones personal liberty, or to assert and sustain in a course thereof any right and receive communication to and from Judges, Lawyers and State/Federal agencies concerning such matters."

44 of 118                    (39)    Pg 19

Access to the Courts, to petition the government" and it's agencies "for the redress of grievances" that is guaranteed under the First Amendment of the United States Constitution.

Under the Ninth Amendment it states, "the enumeration in the Constitution of certain rights shall not be construed to deny or disparage others retained by the People."

The Fourteenth Amendment reads; "... nor shall any state to deprive any person of Liberty or property without [Due Process] of the law, nor deny to any person within its jurisdiction the [Equal Protection] of the Laws.

Further, there is a "Fundamental Constitutional Right" of all inmates, to have the State "assist [them] in the preparation and filing of meaningful legal papers."

States must furnish prisoners "with adequate law library or adequate assistance from persons trained in the Law" in order to "insure that inmates access to the courts is adequate, effective, and meaningful."

The majority of HSP Special Needs Yard (SNY) inmates are laymen, high school dropouts, illiterates, those with mental disorders and other handicaps.

Mental Health Conditions can be very complex. They require treatment by a physician / psychologist or psychiatrist. Doctors is an specialist in treating the mentally ill.

A number of issues frequently arise in treating Mental Health Conditions and Causes.

Furthermore, the Supreme Court has held that an illiterate inmate is entitled to assistance.

Too can argue by analogy that a majority of HSP SNY inmates either from mental disorders, impaired mental conditions, reason or learning and are entitled to assistance because they are likely to have problems similar to an illiterate person in understanding the complexities of the law or whatever issue is going on.

45 of 118                     (40)          2 of 9

Actual Inmate Population is now, at the very least, 247% beyond its design capacity.

In the interest of fairness and equality, ASP inmates are restricted to two visits a month (at that & possibly three-two hour sessions at the law library on Thursdays and other days of the week, pending the yard, the inmate is housed on.

Requiring approximately four whole hours, and at best twelve hours a month at the law library - & becomes familiar with the statutes, to learn and study law books or topics researched and to analyze the materials that knowledge constructively to their case, and to prepare documents to meet filing deadlines.

These restrictions are sure to inhibit the performance of any professionals under favorable conditions and better environments.

Over populated prisons are contrary to, no harm to better living and health and are discouraging to rehabilitation, education and prevents many articles that deprive prisoners of meaningful study and access to the courts by hindering their ability to accumulate information and to litigate objectives.

Under these circumstances and conditions any reasonable person could infer that the denial of needed tools & resources has would effectively impeded an inmates ability to successfully initiated pursue claims and civil suits in court.

Inmates suffering injuries in that caused by acts of ASP employees and prison policies that hinder the flow of pertinent information necessary for understanding the rules of court and proceedings are blatant disregard of prisoners constitutional rights.

Thereby, increasing & insuring the probability of suffering tangible harm unless they were allowed to obtain the relief being sought in court.

ASP inmates are being denied access to the law library, legal services and materials. Why? Inmates are told policy and are given no room for debate or discussion.

Grant inmates, the service of the publication (whose applies) of legal publications law books/treatises) or to allow inmates to check books out for the purpose of in-cur in depth review study of complex concepts, legal strategies and court procedures would/will not impede effective prison administration.

The Warden and Senior Prison Officials know that appellant and all other prisoners similarly situated at HDSP are currently presently in danger for injuries suffered at the hands of deliberately indifferent prison officials mindsets and endangered policies.

Appellant(s) has made repeated demands to prison officials to comply with the law. Despite this demand, respondent has failed and continued to fail to comply with their duty under the herein mentioned regulations and PC § 5058.

Respondent has a clear present and ministerial duty to comply with requirements of the Administrative Procedures Act (APA), California Code of Regulations (CCR) Penal Code § 5058 the American Correctional Association Standards for Incarcerated Inmates. State Laws and the United States Constitution of America and all times relevant herein respondent has had and continues to have the duty and ability to do so.

Toussaint v. McCarthy, 926 F.2d 800, 801 (9th Cir. 1990), cert. denied 502 U.S. 874 (1991) (even those prisoners at "the bottom of the social heap... have, nevertheless, a human dignity and certain rights secured by the Constitution of the United States"); Madrid v. Gomes, 889 F. Supp. 1146, 1244-45 (N.D. Cal. 1995).

Understandably Senior Prison Officials while recognizing the depth of this problem and documentation, fails to exhibit the power & will necessary to tackle the problem in any systemic manner in what is likely years to come.

The appellant(s) has encouraged Prison Officials to treat this as an emergency, to break out of the "business as usual" mindset, and to take extreme measures to break through any bureaucratic or other hurdles that are preventing them from furnishing the appellant(s) with the resources necessary to initiate and maintain claims/lawsuits before the courts.

47 of 118                    (42)   4 of 4

i'ot witstanding these Duties and abilities respondent has failed and refused and continues to fail to perform their duties as required by the law. By all accounts the Avenal Prison Center Administrative Officials management's chronic broken beyond repair. The harm already done in this case ( Class Members ) at CV07-07528A SBA to Avenal Prison inmate population would not be more grave and the threat to close injury, and the continued ongoing conscience deprivations of inmates constitutional rights is guaranteed in the absence of drastic increase.

However, increased availability of legal resources could not possibly interfere with nor inhibit the implementation of any legitimate penological interest.

"Maintaining institutional security and preserving internal order and discipline" are the central goals of prison administration.

A prison regulation impinging on inmates constitutional rights, is valid if, it is reasonably related to legitimate penological interest. An interest that CDCR Officials continue to fail to explain, illustrate nor can they justify, their restrictions.

The Opened Book(s) and the knowledge therein created causes ignorance adversely affecting the ignorant, whether or not the individual is aware of the adverse grievance caused by the denial of legal reference books, tools and other resources necessary for the seeking of vindication in the courts.

To deny an inmate of this voluntary information causes them to suffer from the deprivation of their broadly protected rights and other civil liberties.

Therefore, inmates have and continue to suffer injury inflicted caused by the prison's policies and by the actions of subordinate CDCR employees.

A litigant must generally assert his or her own rights and interest, Warth v. Seldin, 422 U.S. 490, 499, 95 L. Ed. 2d3, 95 S.Ct. 2197(1975). Powers v. Ohio, 499 U.S. 400, 411, 113 L. Ed. 411 S. Ct. 1364 (1991), "... and we consider whether there is some hindrance to the plaintiff(s) ability to protect his own interest." Id.

48 of 118                              (43)         5 of 19

_See also 2d Mars and v. Joseph H. Munson Co. 467 US. 947, 956, 81 L. Ed. 2d 786, 104 S. Ct. 2839 (1984)_ (fund raising organization allowed to except first Amendment rights...) In Munson, the Edorons Court wrote, "litigants ... permitted to challenge a statute not because their own rights of free expression are violated because of a judicial prediction or assumption that the statute's very existence may cause others not before the court to be refrain from constitutionally protected...") Id. at 956-57 (quoting _Broadrick v. Oklahoma, 413 US. 601, 37 L. Ed. 2d 830, 93 S. Ct. 2908 (1973)_.

[I]t is impossible for a written description to convey the pain and degradation which ordinary inmates at ASP [including] the physical suffering and unendured psychological stress which must be endured by those sick, injured and mentally disabled who are denied their right to access to the courts, freedom of speech, due process and other rights secured under 4th the US. and State Constitutions.

The Second Court has recognized that "systemic deficiencies in staffing, facilities, or procedures which make unnecessary suffering inevitable" constitutes a violation of prisoners protected constitutional rights. _Todaro v. Ward, 565 F.2d 48. 52 (2d. Cir. 1977)._

Effective access to the courts not only encompasses the right to law books, but the right to materials necessary to use them to commence and maintain the Courts, and other Government Agencies.

See, the Supreme Court stated that indigent prisoners must be provided with paper and something to write with, and stamps to mail documents to courts, parties involved in a suit and government agencies.

[D] Rules (other penalty the photocopying services of prisoners legal documents, and further copying of indigent prisoners documents)

Currently, ASP officials have sanctioned and believes permits LAW employees to remove claims forms from printers mail, opening mail from the courts of other Government Agencies, withholding legal documents (prohibiting the filing) and theft of legal papers (documents / work, and the

deliberate distribution of [incompleted] claims forms, refusing inmates certified trust statements and refusing the necessary copies required by the courts to properly serve notice of complaint on the named persons organizations of the opposing party in a case.

These are just a few injustices and hinderances of their pursuit to redress and blatant derivations of inmates rights and liberties that must be endured daily for exercising these rights garunteed under the Constitution of the United States.

Practices, Procedures and Policies that fail to further any legitimate penological goal (not to be confused with an officials desire to further their careers and the development of their personal ambitions for monitary gain at the taxpayers expense and the needless suffering of prisoners) and are retaliatory when they interfere, hinder an individuals exercise of Civil Liberties and deny them of the right of access to the courts to challenge the conditions of their confinement and of their rights to seek compensation for injuries and harm and psychological distress and suffering caused by deliberately indifferent CDCR employees.

"LSP Mail Room, Trust Office, Library Custody Staff, Other CDCR employees and inmate Library Clerks" deliberately hindering an inmates pursuit of and ability to initiate or maintain legal Claims by reading, interfering with an inmates legal papers, is a gross obstruction of justice and denial of the right of access to the courts and indicates a subordinate institutional mindset, underground policies and the propensity for retalitory acts against inmates seeking vindication in the courts for conditions they are subjected to.

There is a grave and immediate threat and potential of harm to the appelant(s) if the use of all less extreme measures of rectification have been exhausted or prove futile. Continued insistance that compliance with normal administrative appeals time lines would lead only to retaliations and delays.

There is a lack of leadership within LSP Administration to turn the tide within a reasonable amount of time. There has been bad faith on the part of Prison Officials and resources are being wasted.

50 of 118

50 of 118

(45)

Considering known State Prison Officials historical failure to comply with State/Federal Law and Its own PMs, appellant believes that the proper remedy of this is not any that can be whipped up simply by wholesale judicial homes, to the, but is one that should be measured in the present moment.

By that measure, use any of the measures in State's in this complaint, i.e. the State and RCP Prison's has publically confessed their inability & ineptitude with this problem in any appreciable, adequate manner for what is sure to be years to come.

In that instance, & getting very vocal, courts have (print) used a look of (enforce) that could be required to improve conditions & remove deterrences inadvised their organized and/or fiscal structure, institutional, routine, and in labor to become more.

Convert (parts of) existing SJP libraries into Law Libraries or build separate law libraries for the SJP population.

In the implementation of a paging system to increase an inmates access to legal reference materials (books, law, more independent studies) of legal matters/procedures required to effectively litigate in court, would be a simple and safe to provide a relatively quick and effective remedy.

In conclusion given the deplorable state of affairs at RCP, local, State and Governmental power in/and together to remedy the situation, as described, has caused above this appellant(s) and all those similarly situated, that you be compelled to review your place guilt to safeguard all in the case, within the constraints of Due Process and Punishment fairness, and set forth the requested relief.

Finally consider this, as a general matter, the "public interest...is always well served by protecting the constitutional rights of all its members." Conover v. Hance, 575 F. Supp. 477, 481 (S.D. Iowa 1984.

51 of 118

(46)   8 of 9

Regulations:

- The Rules Governing This Issue Is -
California Codes of Regulations Ak Fifteen
and Title Twenty-Eight

Sections   3271, 3270., 3130., 3132., 3133., 3134, 3000.5, 3135.(b), 3136.(b)
3147.(a)(6), 3137.(b), 3111, 3112, 3144, 3021., 3168., 362., 3380.(a).,
3413, 3004, 3084.7, 327.(b)

Sections   Penal Codes
5058, 2600, 2601(d), 5054, 2601, 2930, 4570, 837.7, 832.8, 632.5,
6125-6129

Sections   Government Codes
954.4, 950.2, 94106, 19583. S., 11349.1, 11340.5, 11340.6, 11340.7.

Sections   United State Codes
2072 Rules of Procedure and Evidence; power to provide
2073 Rules of Procedure and Evidence; method of prescribing

Sections   Administrative Bulletins
05-03, 97/10, 98/10

Sections   DOM
54100.2, 54100.17, 54100.25.1.

52 of 118                    (47)   90 of 9

# MEMORANDUM OF POINTS & AUTHORITY

Appellants, and all others similarly situated, at [ ] have been subjected to retaliation from DOC employees for the assertion of constitutional civil rights. Lawsuit, challenging the conditions of their confinement, appellates must seek other damages through the Victims Compensation Government Claims Board of California, and are deprived of the (their) right to access to the courts, freedom of speech and their Civil Liberties of the United States Constitution.

It is well settled that prisoners have a constitutional right to access to the courts, which requires access to "adequate law libraries or adequate assistance from persons trained in the law" for filing challenge to criminal sentences, both directly and collaterally, and Civil Rights actions. Bounds v. Smith, 430 U.S. 817, 828, 52 L. Ed. 2d 72, 97 S.Ct. 1491 (1977); See also Lewis v. Casey, 518 U.S. 343, 355, 135 L. Ed. 2d 606 116 S.Ct. 2174 (1996) (recognizing that prisoners be provided the tools "that inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement."). Wolff v. McDonnell, 418 U.S. 539, 579, 41 L. Ed. 2d 935, 94 S.Ct. 2763 1974 (extending right to access to the courts, founded in the Due Process Clause to prisoners filing actions under 42 U.S.C. §1983 to vindicate "basic constitutional rights.")

The right to access to the courts is distinct from any other liberty interest in remaining free from administrative or disciplinary segregation. Also a claim founded on the right to access remains viable after [ ].

This is well established the prison administration policies must be reasonably related to a legitimate penological interest, in order to decide this inquiry courts will consider the following:

District Courts adhere to the Turner Test (a four-factor test):

1. whether a valid, rational connection exist between the regulation and legitimate government interest behind the rule;
(There is no rational justification for penalizing an indigent the required postage for mailing his forma pauperis aplication to courts, and then holding on to, & refusing to re-own that mail, that was returned due to insufficient postage, to the appellant)

2. whether there are alternative means of exercising the right in question;
(there are no other alternative means for which inmates may be heard before the courts.)

3. what impact accommodation of the asserted Constitutional rights will have on the, & other inmates and on the allocation of prison resources; and
(any reasonable person would conclude the remedy being sought benefits all concerned parties.)

4. what easy alternatives exist to the regulation
(provide inmates with constitutionally adequate housing and Law Libraries/resources before it becomes an issue)
   because: although in the regulation need not satisfy the least restrictive alternatives test, the existence of obvious alternative may be evidence that the regulation is not reasonable.

To achieve standing inmates must show they have suffered an actual (being forced to file inoperative documents, &c) or threatened injury (often complaints are arguably actionable harms or dismissed due to failure to satisfy some technical requirement; see Lewis v. Casey (1996) 518 U.S. 343, 351 116 S.Ct. 2174, 135 L. Ed. 2d 606.)

(also appellants are denied the adequate time required to fully understand & win procedure in the absence of adequate assigned counsel, and or, they are forced to pursue a remedy before the courts or continue to needlessly suffer from living in unconstitutional & inadequate housing that (A.D.A.) officials "knowingly" placed prisoners in, and due to lack of medication and mental disorder that, requires greater access to law materials to effectively pursue relief.)

54 of 118

(49)    11/19

That this is not just a few examples of it being its grossly subordinate practices and policies

(49)

Opening and withholding legal mail, trying to convince inmates they have no right to file [in] Rights Law Suits or to challenge the conditions of their confinement, and the purposeful revision of incomplete [maintenance] documents at the Library; [IS UNDEFENCE] and RETALIATION.

Cotely Officers and Staff interfere with, and discourages inmates in preparing legal documents and implementing subordinate policies, just as to what inmates are allowed to mail to the courts by use of foul language, being hostile and calling inmates out of their name, IS RETALITORY.

Retaliation may be actionable even when the retaliatory action does not violate a liberty interest, See, e.g., Smulyce v. Utacher, 213 F.3d 611, 305 (7th Cir. 2000) (holding that plaintiffs stated claim for retaliatory transfer even though no liberty interest is involved in transfer), Rouse v. Benson, 193 F.3d 936, 939 (8th Cir. 1990) (same). "Government actions, which standing alone do not violate the Constitution, may nonetheless be constitutional torts if not motivated in substantial part by a desire to punish an individual for exercise of a constitutional." Thaddeus – X., Blaten, 175 F.3d 378, 386 (6th Cir. 999) (en banc). CDCR, Staple and Employees motive for punishing the inappropriate is due to Walton exercising his First Amendment Rights to redress the government and to have speech for the injuries sustained while in the custody of CDCR [Officials, see Walton v. California Department of Corrections and Rehabilitation, et al., In which CDCR is facing $30,000,000 exposure to its inmate they have caused.

And while prison officials actions may not violate the constitution independently, still remain actionable after Godin, Prison Officials harassment doing mail call (calling plaintiff out of his name) censoring his [    ] incoming legal mail, the denial of certain legal tools, materials, services and other resources necessary to court proceedings was actionable even when they don't violate the constitution independently, see Pratt v. Rowland 65 F.3d 802, 806-07 (9th Cir. 1995), the court Rewords by the Ninth Circuit held that Godin did not bar a claim alleging that prisoner-plaintiff had been transferred and placed in a double cell in retaliation for a television interview that he had given. The Court stated:

56 8118                                    (51)     130 719

To succeed on his retaliation claim, [the plaintiff] need not establish an independent constitutional interest in either assignment to a given prison or placement in a single cell, because the crux of his claim is that jailer officials violated his First Amendment rights by retaliating against him for his protected speech activities.

Id. at 806. In Babcock v. White, 102 F.3d 267, 274-75 (7th Cir. 1996), the court of appeals for the Seventh Circuit agreed, holding that a prisoner-plaintiff's claim that a prison official had converted an expedited transfer in retaliation for his filing lawsuits against prison officials was actionable "even if the prison officials' actions did not independently violate the Constitution" and thus not barred at Rhodes.

As the Supreme Court recognized in its footnote in Rhodes, however, "prisoners... retain other protection from arbitrary state action even within the expected conditions of confinement." 515 U.S. at 487 n. 11 (emphasis added).

Furthermore, there is an obvious action on a retaliation claim by standards established in Rauser v. Horn, 241 F.3d 330 (3rd Cir. 2000) "Thus, we consider whether the defendants' action of placing plaintiff, however, on a motion ranking list in retaliation for the exercise of their First Amendment free speech rights was sufficiently adverse to state a claim for retaliation."

Likewise, [VCB officers' officials actions were/are directly related to appellant(s) exercise of his/their First Amendment Rights, and the appellant(s) believes they are trying to prevent him/them from seeking records, in case # CV-07-03246-SBA in which if failing to obtain the relief sought could and most than likely will change the injustice to suffer irreparable injury and harm. Appellant also suffers nightmares of Rostad Elliott and impunity attacking him and they most but has lost ten pounds since this statute has been approved accepted by the ... officers expressly giving their authority.] lost it has been periodically confessed that things are known to do.

thereby adversely affecting the appellants. "We hold that it was, stating that a test that finder could conclude that the alleged retaliatory conduct was 'sufficient to deter a person of ordinary firmness from exercising his First Amendment rights.'" Id at 235 (quoting Estate v. Colliard, 667 F. 2d 622, 625 (7th Cir. 1982)).

This same test has been applied in the prison context. See Gaddes - X, 175 F. 3d at 396-99; Crawford-El v. Britton, 318 U.S. App. D.C. 150, 93 F. 3d 813, 826 (D.C. Cir. 1996) (en banc) (approving the Bart standard in the prison context), reversed on other grounds, 523 U.S. 574, 140 L. Ed. 2d 759, 118 S.Ct. 1584 (1998).

Although, it is possible that, in some cases, refusal of resources, documents (forms) and services would not deter a person of ordinary firmness from exercising his or her First Amendment rights, we cannot say that such action can never amount to adverse action. On the contrary, whether a prisoner plaintiff has met that prong of his or her retaliation claim will depend on the facts of the particular case.

The appellant is a hispanic, high-school drop-out who suffers from mild mental disorders, whose only emotional support is his 63 Mother, in the Cell, living with a cell-mate, who is unable to support the appellant with needed materials & books required for knowledge to effectively navigate the judicial system, though she has sent some info of the internet, it's not enough.

The appellant alleges that institutional policies and staff's actions have resulted, inter alia, inadequate access to legal research materials and assistance. A fact finder could conclude from these facts that retaliatory staff misconduct, harassment and denial of access to legal tools would "deter a person of ordinary firmness from exercising his First Amendment rights." Jackson, 285 F. 3d at 235 (internal quotations omitted); see Gaddes-X, 175 F. 3d at 396 ( "An action comparable to transfer to administrative segregation would certainly be adverse.")

However, "All that a plaintiff need show to establish standing to sue is a reasonable probability — not a certainty — of suffering tangible harm unless he obtains the relief that he is seeking in the suit." Connor v. Haynes, 97 F. 3d 815, 819 (7th Cir. 1996)

58 of 118

(53)   15 of 19

CDCR Officials and employees have conspired and retaliated against the appellant(s) for exercising their First Amendment Rights. Prison Officials and staff have hindered appellant(s) pursuit thereof and depriving/deprivation of their Federal Rights by doing affirmative act(s), participating in another's act(s), or by failing to do an act(s) which he/she is required to do.

Appellant informed and believes, and thereon alleges that CDCR employees acted intentionally in the matters and manners described above and with knowledge of appellant(s) legal matters.

CDCR employees conduct violates 42 U.S.C. §1983, because that conduct deprives invades of their First Amendment Free Speech Rights and the right to access the Courts to petition for the redress of grievances, Due Process and other Constitutionally Secured Rights.

As a proximate result of defendant(s) CDCR employees conduct, the appellant has suffered and continue to suffer general damages in the form of lost weight, stomach problems, psychological/emotional distress, and lost of all missed court filing deadlines the appellant is informed and believes, and thereon alleges, that he will continue to suffer such damages in the future.

As a further proximate result of CDCR employees actions conduct, the appellant is informed and believes, and thereon alleges, that he will suffer special damages in the future in the form of medical/psychiatric bills/expenses other illicit acts and the expense of court cost and other expenses due to this.

In acting as described above CDCR employees, acted/acts despicably, knowingly, willfully, and with reckless or callous disregard to appellant's federally protected rights. The appellant is entitled to an award of compensatory and punitive damages for injuries sustained.

Appellant is entitled to declatory and injunctive relief including, but not limited to an order requiring he/him, or away from Avenal State Prison (possibly CDCR), wherehe will not be subjected to retaliation intended to injure, or interfered or stop redress. There is no adequate remedy at law to protect appellant from said retaliation, and without this equitably relief sought he is susceptible to great and irreplaceable injury and harm. The balance of hardships tips markedly toward appellant, in that there would be little or no prejudice or harm to

CDCR personnel should the appellant be transfered away from ASP but great harm to the appellant should he be required to stay at ASP.

Finally, the prison administration must proffer some evidence to support its restrictions. See Walkinshaw v. Carmona, 28 F.3d 592, 598-99 (7th Cir. 1994); Phelan v. De Vrgan, 13 F.3d 1036, 1040 (7th Cir. 1994); De Mallory v. Cullen, 855 F.2d 442, 448 (7th Cir. 1988). The prison administration can not avoid court's scrutiny by reflexive, rote assertions." Walliams, 851 F.2d at 566 (Flaim, J., concurring).

Officials must provide the court with something an affidavit from a prison official setting out the policy and reasons for it, precedent policies, regulatory history, academic literature - - on which to base policies.

It is not currently obvious that an additional instances where CDCR Personnel are able to tangentially help an inmate, is likely to lead to an increase of corruption; coercion nor threaten security.

Evidence to suggest this connection should be at the heart of the Turner analysis.

CDCR Officials, Administrators and personnel posses immense control over the lives of inmates.

On the heels of this observation, we hasten to add that such policy so long consistent with law, is, of course, wholly in the hands of the prison administration.

While, it is not necessary that we agree with prison administration's chosen course, but only that we be able to point to some rational basis for it

60 of 118          (55)     17 of 19

The conditions, practices and ommissions that form the basis of this complaint are common to all members of the class, making appropriate injunctive, declartory and monetary relief with respect to the class and sub-class as a whole.

There are questions of law and fact common to members of the class, including of their violations of inmates United States Constitutional Rights.

The named appellants are responsible without record of fairly and adequately representing their/the Class and protecting its interest.

Therefore, appellantes moves this court, pursuant to 42 USC § 1966, 29 USC § 794 (a), and 42 U.S.C. § 12205, to point Michael W. Bien & trings at Law of Rosen, Bien and Galvan, LLP of San Francisco, California consel of record to protect their interest.

Rights are meaningless unless we know how to apply them.

Respectfully Submitted,

Charles Walton F48589

Appelant (s)

Avenal State Prison
PO Box 8
Avenal, Ca 93204

61 of 118                    (56)    18 of 19

# PRAYER FOR RELIEF

WHEREFORE, plaintiff(s) Charles Walton, prays for:

1. Injunctive and Declatory relief;

2. Compensatory damages according to proof;

3. Punitive damages according to proof;

4. Reasonable Attorneys Fees pursuant 42 USC. § 1988;

5. Cost of suit; and

6. Such further relief as the Court deems proper

## Demand For Jury Trial

Plaintiff(s) Charles Walton, et al, hereby demand a trial by jury.

Dated: October 24, 2007

By: _____
Charles Walton F48589
pro se

62 of 118                    (57)    19 of 19

62 of 118                    (57)

CC:

Arnold Schwarzenegger, Governor
State Capitol

Judge Thelton E. Henderson
Northern District of California
San Francisco, California

U.S. Department of Justice, Civil Rights Division
Jenine Worden, Deputy Chief
Washington, D.C.

Mr. James E. Tilton, Secretary
Cal. Youth and Adult Correctional Agency

Mr. William Gerson, tz, Director
Cal. Department of Corrections and Rehabilitation

Donald Spector, Attorney at Law
Prison Law Office

Rosen, Bien and Galvan, LLP

Office of Internal Affairs

California State Legislature Assembly and State Senate
State Capitol

McCutchen, Doyle, Brown and Emerson

Mr. Andy Furrillo
Sacramento Bee

63 of 118                    (58) of 2

San Francisco Chronicle

Los Angeles Times

The Fresno Bee

M.L. Sango, Mother
Folsom City

C.E. Walton Sr., Father
Fresno, Ca

1  Amended, M. Cruz (Mail Rm. Srg), Complaint ASP-M-07-D3479; IAB# 0715 748
2       (as instructed in the IAB# 0714065 screening).

3  Tab 1-1   2nd Formal Lvl. Staff Complaint Response date 2/4/08, signed off by      62
4            L. Ochoa Ass. Warden on 2/5/08

5      1-3 to 5   Plaintiffs ITAS Trust Account Display -[Provided by ASP Officials]   63-65
6                 (*NOTE* The transaction display is Factually inaccurate)

7      1-6 & 7    Documents supporting Plaintiffs allegation, raised in appeal of insufficient  66-67
8                 postage.

9      1-8        Staff Complaint (ASP-D7-D3479) Plaintiff filed/submitted 12/1/07     68

10     1-9        Court Notice to file/submit In Forma Pauperis and the date due (7/20/07).  69

11     1-10 to 12  Plaintiffs Legal Mail Log to substantiate dates in question          70-72
12     1-13       Unsigned (by ASP Officials) Rights and Responsibility Statement       73
13     1-14       Proof of Service                                                      74
14     1-15       Plaintiffs response submitted to Final Lvl 2/13/08                    75





(60)

658 118

``State of California                                                                    Attachment E-3

# Memorandum

Date  :  2/4/2008

To   :   Walton, # F-48589
          320-80L
          Avenal State Prison

Subject:  **STAFF COMPLAINT RESPONSE - APPEAL # ASP-M-07-03479**

APPEAL ISSUE: Inmate Walton alleges that M. Cruz, Avenal State Mail Room Sergeant, refused to provide him, an indigent inmate, sufficient postage to mail his legal documents to the courts pursuant to Title 15 Sections 3165 (d) and 3160 (a). Due to insufficient postage the legal mail was returned by the United States Postal Service for additional postage. The delay in the delivery of Walton's legal mail to the United States District Court caused him to miss the deadline imposed by the court for filing of his In Forma Pauperis. Walton claims that in missing this deadline he will be required to pay the $350.00 court filing fee.

DETERMINATION OF ISSUE: A review of the allegations of staff misconduct presented in the written complaint has been completed. Based upon this review your appeal has been handled as follows:

☒  PROCESSED AS A STAFF COMPLAINT APPEAL INQUIRY
☐  REFERRED TO THE OFFICE OF INTERNAL AFFAIRS (Note: You will be notified of the conclusion of any Internal Affairs investigation.

SUMMARY FOR APPEAL INQUIRY:
You were interviewed on 2/4/2008 by L. McManus, Correctional Lieutenant and you stated that on June 17, 2007 you submitted legal mail addressed to the United States District Court to the Avenal State Prison's Mailroom with an inmate trust account withdrawal form attached.  You allege that because the Mailroom did not affix enough postage to your letter it was returned for postage due causing your court documents to be late and you sustained a cost of $350.00 for court filing fee.

The following witness was questioned: M. Cruz, Mailroom Sergeant. The following information was reviewed as a result of your allegations of staff misconduct: Inmate Trust Account Printout, copies of the envelope returned for additional postage (provide by inmate Walton).

FINDINGS FOR AN APPEAL INQUIRY:
Your appeal is PARTIALLY GRANTED at the ☐ First level ☒ Second level:

☒ An inquiry into your allegation has been conducted.

☐ An investigation is being conducted by the Office of Internal Affairs

ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE. As such, the details of any inquiry/investigation will not be shared with staff, members of the public, or inmates. Although you have the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process. However, you have the right to be notified if after a review of your allegations, it is determined that staff violated CDCR policy.  In this case:

☐ The (inquiry / investigation) is not yet complete



(61)



66 of 118

ASP-M-07-03479- Walton, # F-48589

Page 2

☒ The inquiry is complete. Staff did not violate CDCR policy.

Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process. If you wish to appeal the decision, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Director's Level of Review. Once a decision has been rendered at the Director's Level of Review, your administrative remedies will be considered exhausted.

_____        _____
Warden                                  Date
Avenal State Prison

67 of 118

(62)

```
TS210B                      CALIFORNIA DEPARTMENT OF CORRECTIONS
                               ITAS TRUST ACCOUNT DISPLAY

-------------- ACCOUNT INFORMATION -------------- ------ SPECIAL ITEMS -------

ACCOUNT  NUMBER:  F48589
    ACCOUNT NAME:  WALTON, CHARLES  EVERETT
    ACCOUNT TYPE:  I
CURRENT BALANCE:        0.00
   HOLD BALANCE:       12.88
 ENCUM. BALANCE:        0.00              ABNORMAL BALANCE
      AVAILABLE:       12.88-
PRIVILEGE GROUP:  C
  LAST CANTEEN:  07/19/2007
-------------------------- ACCOUNT TRANSACTIONS ----------------------TS210CA
   DATE    TRAN    AMOUNT    DESCRIPTION    CHECK NUM    COMMENT      BALANCE
  -------- ----  ----------- -------------- -----------  ----------  ----------
  08/23/07 DD30      18.00  CASH DEPOSIT ON               7008799718     18.00
  08/24/07 W516       6.20- LEGAL COPY CHAR               700909LECO     11.80
  08/24/07 W512       0.75- LEGAL POSTAGE C               700909LEPO     11.05
  08/24/07 W512       0.75- LEGAL POSTAGE C               700909LEPO     10.30
  09/06/07 W512       1.14- LEGAL POSTAGE C               701073LEPO      9.16
  09/06/07 W512       1.14- LEGAL POSTAGE C               701073LEPO      8.02
PAGE#    3 OF    6 PAGES
```

68 8 118                            (63)

TS210B                    CALIFORNIA DEPARTMENT OF CORRECTIONS
                              ITAS TRUST ACCOUNT DISPLAY

-------------- ACCOUNT INFORMATION -------------- ------ SPECIAL ITEMS -------

ACCOUNT  NUMBER:  F48589
    ACCOUNT NAME:  WALTON, CHARLES  EVERETT
    ACCOUNT TYPE:  I
CURRENT BALANCE:        0.00
   HOLD BALANCE:       12.88
ENCUM. BALANCE:        0.00                  ABNORMAL BALANCE
      AVAILABLE:       12.88-
PRIVILEGE GROUP:  C
   LAST CANTEEN:  07/19/2007
-------------------------- ACCOUNT TRANSACTIONS -----------------------TS210CA
   DATE    TRAN   AMOUNT       DESCRIPTION      CHECK NUM    COMMENT     BALANCE
 --------  ----  ----------  ---------------   -----------  ----------  ----------
 07/18/07  W516      1.20-  LEGAL COPY CHAR                 700292LECO      54.83
 07/18/07  W516      0.50-  LEGAL COPY CHAR                 700292LECO      54.33
 07/18/07  W516     15.00-  LEGAL COPY CHAR                 700292LECO      39.33
 07/18/07  W516      2.00-  LEGAL COPY CHAR                 700292LECO      37.33
 07/19/07  FC04     34.53-  DRAW-FAC 4                      4CD3700304       2.80
 07/26/07  W516      2.80-  LEGAL COPY CHAR                 700430LECO       0.00
PAGE#    4 OF    6 PAGES

```
TS210B                 CALIFORNIA DEPARTMENT OF CORRECTIONS
                          ITAS TRUST ACCOUNT DISPLAY

-------------- ACCOUNT INFORMATION ------------- ------ SPECIAL ITEMS -------

ACCOUNT  NUMBER:  F48589
   ACCOUNT NAME:  WALTON, CHARLES  EVERETT
   ACCOUNT TYPE:  I
CURRENT BALANCE:       0.00
   HOLD BALANCE:      12.88
 ENCUM. BALANCE:       0.00              ABNORMAL BALANCE
      AVAILABLE:      12.88-
PRIVILEGE GROUP:  C
   LAST CANTEEN:  07/19/2007
------------------------- ACCOUNT TRANSACTIONS -------------------------TS210CA
   DATE    TRAN   AMOUNT       DESCRIPTION     CHECK NUM    COMMENT      BALANCE
 --------  ----  ----------  ---------------   ----------- ----------  ----------
 06/15/07  W516      0.75-  LEGAL COPY CHAR                605150LECO     61.16
 06/20/07  W512      0.58-  LEGAL POSTAGE C                5218LEGPOS     60.58
 06/21/07  W516      7.80-  LEGAL COPY CHAR                605241LECO     52.78
 06/21/07  W516      0.75-  LEGAL COPY CHAR                605241LECO     52.03
 07/09/07  W516      0.50-  LEGAL COPY CHAR                700120LECO     51.53
 07/13/07  DD30      4.50   CASH DEPOSIT ON                0222/9573      56.03
PAGE#     5 OF     6 PAGES
```

70 of 118

(65)

.3

The date mailed out
(7-17-07)

The date said to be returned
to Walton
(8-8-07)

The amount short
(39¢ Short)



(66)   The date returned
(7-18-08)



72 of 118

Case 4:08-cv-02590-SBA Document 1-3 Filed 05/22/2008 Page 8 of 36

# INMATE/PAROLEE
# APPEAL FORM
CDC 602 (12/87)

Location: Institution/Parole Region 1. _____ 1. _____ Category ___

**TREAT AS THE ORIGINAL**

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|-----------|-----------------|
| Walton, Charles | F48589 | NA | 350-2-340 |

**A. Describe Problem:** JULY 20, 2007, WALTON was ~~████████████████~~, for the application, to proceed in Forma Pauperis, caused by Avenal State Prison's ~~█████████~~ refusal to provide an indigent inmate ("The cost of postage for mailing l documents l to the Court(s)...") pursuant 15 CCR § 3165.(d), other Duties outlined in The Title Fifteen California Code of Regulations, the Authorities Cited therein, are hereby made a part of and incorporated by reference, herein this Notice and Complaint, of the obstruction of his right of access to the Court(s) and is a deprivation of inmate's right(s) granted pursuant/under 15 CCR § 3160. (a).

This Complaint of Employee Misconduct and this Appeal is made pursuant to and in compliance with 15 CCR §§ 3084.1(e) and 3391(d) the DOM § 3391(b) and being filed to the First Formal Level pursuant 15 CCR § 3084.5(a)(3)(G).

If you need more space, attach one additional sheet. *See Attached Documents (Exhibits) Stea___ _____ Re__ ____ ___ ___*

**B. Action Requested:** That All Expenses incurred by Walton or that he may incur, as a result of this, act of CDCR's Employee, that he be paid, in Its Entirety by CDCR and that CDCR/ASP provide this postage necessary for this mailing of Legal Mail/Documents for indigent inmate(s)/Walton F48589. Also requesting notice/upon completion of any investigations, pursuant §832.10, and that record be retained pur. Penal Code 832.5 (b) Provide tracking/print___ l copies ___ Sign In/Out ___ and respond _____ _____

Inmate/Parolee Signature: _____ Date Submitted: 12-1-07

**C. INFORMAL LEVEL** (Date Received: _____ )

Staff Response: _____

**BYPASS**

Staff Signature: _____ Date Returned to Inmate: _____

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

**BYPASS**

Signature: _____ Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

**RECEIVED**

DEC 0 7 2007

ASP APPEALS OFFICE

(68)

07-3479

73 of 118

First Level ·   ☐ Granted ·   ☐ P. Granted   ☐ Denied   ☐ Other· _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

_____

_____

_____

## BYPASS

Staff Signature: _____ Title: _____ Date Completed: _____
Division Head Approved: _____ Returned
Signature: _____ Title: _____ Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

_____

## BYPASS

Signature: _____ Date Submitted: _____

Second Level   ☐ Granted   ☒ P. Granted   ☒ Denied   ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _12/12/2007_ Due Date: _12/28/2008_
☒ See Attached Letter

Signature: _L. McManus_ _Capt (A)_ _____ Date Completed: _2/4/08_
Warden/Superintendent Signature: _____ Date Returned to Inmate: _2/7/08_

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

_Dissatisfied. Requesting further "Inquiry", and all afore mentioned in § B._

_____

_____

_____

Signature: _____ Date Submitted: _2/13/08_

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DIRECTOR'S ACTION:  ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____
☐ See Attached Letter

Date: _____

CDC 602 (12/87)    ORIGINAL

ORIGINAL
FILED

JUN 20 AM

RICHARD W.
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

E-Filing

(PR

SBA

Dear Sir or Madam:

Your complaint has been filed as civil case number _____

**C 07 3246**

Your complaint is deficient because:

1. __1/__ You did not pay the appropriate filing fee of $350.00.  If you are unable to pay the entire filing fee at this time, you must sign and complete this court's Prisoner's In Forma Pauperis Application in its entirety.

2. _____ The In Forma Pauperis Application you submitted is insufficient because:

_____ You did not use the correct form.  You must submit this court's current Prisoner's In Forma Pauperis Application.

_____ Your In Forma Pauperis Application was not completed in its entirety.

_____ You did not sign your In Forma Pauperis Application.

_____ You did not submit a Certificate of Funds in Prisoner's Account completed and signed by an authorized officer at the prison.

_____ You did not attach a copy of your prisoner trust account statement showing transactions for the last six months.

_____ Other _____

Enclosed you will find this court's current Prisoner's In Forma Pauperis Application, which includes a Certificate of Funds in Prisoner's Account form, and a return envelope for your convenience.

**Warning:  If you do not respond within THIRTY DAYS  from the filing date stamped above, your action will be dismissed and the file closed.  If you submit the application, you will automatically be liable for the full filing fee, regardless of your present ability to pay the full amount of the fee.**

Sincerely,
RICHARD W. WIEKING, Clerk,

By_____

Deputy Clerk

WALTON

rev. 4/9/06                        (69)

74 ∂ 118

## LEGAL MAIL -- OUTGOING

**F48589**    **WALTON**    **410**

| DATE MAILED | ADDRESSEE | ADDRESS | CITY | ZIP | COMMENTS |
|---|---|---|---|---|---|
| 6/15/04 | V. A. SCHWARZENEGG | STATE CAP BLDG | SAC | 95814 | |
| 5/31/07 | A. HOWARD,LLP | 925-105TH AVE | OAKLAND | 94603 | |
| 6/11/07 | ANINE WARDEN,D CHI | 950 PENNSYLVINA AVE | WASHINGTON | 20530 | |
| 6/11/07 | PRIS LAW OFF | GEN DELV | SQ | 94964 | |
| 6/11/07 | PRIS HEALTH CARE | 1731 TECHNOLOGY DR | SAN JOSE | 95110 | |
| 6/11/07 | A. FURRILLO | P O B 15779 | SAC | 95852 | |
| 6/13/07 | BIEN,/ATTY | 315 MONTGOMERY ST | SAN FRAN | 94104 | |
| 6/14/07 | US DIST CT/CK | 450 GOLDEN GATE AVE | SAN FRAN | 94102 | |
| 6/14/07 | ATTY GEN | 1300 I ST | SAC | 94244 | |
| 6/15/07 | LLIAM GAVSCWITZ, E | P.O.BOX 942883 | SAC | 94283 | |
| 6/15/07 | US DIST CT/CK | 450 GOLDEN GATE AVE | SAN FRAN | 94102 | |
| 6/15/07 | E TILTON SEC/CA YAC | P.O.BOX 942883 | SAC | 94283 | |
| 6/15/07 | S. AND SANGO, ATTN' | 503 CHYAL WAY | SUISAN CITY | 94585 | |
| 6/18/07 | WARDEN-DAWSON | 1 KINGS WAY | AVENAL | 93204 | |
| 7/5/07 | PLO | GENERAL DELIVERY | SQ | 94964 | |
| 7/16/07 | US DIST CT | 450 GOLDEN GATE AVE | SAN FRAN | 94102 | |
| 7/17/07 | US DIST CT/CK | 450 GOLDEN GATE AVE | SAN FRAN | 94102 | Mailed oot Form (request to indegent |
| 7/18/07 | SUP CT | 600 UNION AVE | FAIRFIELD | 94533 | |
| 7/23/07 | SUP CT | 600 UNION AVE | FAIRFIELD | 94533 | |
| 7/27/07 | WARDEN-DAWSON | P O B 8 | AVENAL | 93204 | |
| 7/27/07 | EPT OF CORR & REHA | 1515 S ST | SAC | 95814 | |

**Date Printed: 12-Sep-07**

75 8118

(70)

1

| DATE MAILED | ADDRESSEE | ADDRESS | CITY | ZIP | COMMENTS |
|---|---|---|---|---|---|
| 7/27/07 | YOUTH & ADULT CORR | 1515 S ST | SAC | 95814 | |
| 8/2/07 | SANGO, LLP | 503 CHERYL WAY | SUISUN CITY | 94585 | |
| 8/2/07 | DR. OLSEN/ASP | 1 KINGS WAY | AVENAL | 93204 | |
| 8/2/07 | PUB DEFEND | 675 TENAS ST ? | FAIRFIELD | 94533 | |
| 8/3/07 | GOV CLAIMS | P O B 3035 | SAC | 95812 | |
| 8/10/07 | ALVESNO/ATTNY(USP | 475 L'ENFANT PLAZA SW | WASHINGTON | 20260-2200 | Formelly 5 pork mail got again after being returned in 4 official Postage! |
| 8/10/07 | US DIST CT/CLK | 450 GOLDEN GATE AV | SAN FRAN | 94102 | |
| 8/20/07 | MS & SANGO,LLP | 503 CHYST WAY | SUISUN CITY | 94585 | |
| 8/21/07 | APPEAL OFF | 1 KINGS WAY | AVENAL | 93204 | |
| 8/21/07 | APPEAL CORR | 1KINGS WAY | AVENAL | 93204 | |
| 8/23/07 | GOV/CLAIMS DIVISION | P.O.BOX 3035 | SAC | 95812 | |
| 8/27/07 | SUP CT | 600 UNION | FAIRFIELD | 94533 | |
| 8/27/07 | ATTY GEN | 675 TEXAS ST | FAIRFIELD | 94533 | |
| 8/29/07 | ASP/CMO-CLINIC | FAC-4 | AVENAL | 93204 | |
| 8/30/07 | APPEALS OFFICE | P.O.BOX 8 | AVENAL | 93204 | |
| 8/31/07 | DR OLSEN, FAC 4 CLINI | P.O.BOX 8 | AVENAL | 93204 | |
| 8/31/07 | CMO/FAC 4 | P.O.BOX 8 | AVENAL | 93204 | |
| 9/5/07 | CMO/4 YARD CLINIC | AVENAL STATE PRISON | AVENAL | 93204 | |
| 9/5/07 | M.S. & SARGO , ATTNY: | 503 CHYRL WAY | SUISUN CITY | 94585 | |
| 9/5/07 | BLIC DEFENDER'S OFF | 675 TEXAS STR STE 3500 | FAIRFIELD | 94533 | |
| 9/7/07 | HIEF, INMATE APPEAL | P.O.BOX 942283 | SAC | 94283 | |
| 9/7/07 | CMO FAC IV CLINIC | P.O.BOX 8 | AVENAL | 93204 | |
| 9/7/07 | CCII, APPEALS COORI | P.O.BOX 8 | AVENAL | 93204 | |

Date Printed: 12-Sep-07

2

76 of 118

(71)

## LEGAL MAIL — INCOMING

**F48589    WALTON    410**

| DATE REC'D | SENDER | ADDRESS | CITY | ZIP | COMMENT |
|---|---|---|---|---|---|
| 6/13/07 | ASP MAILROOM | | AVENAL | 93204 | |
| 6/21/07 | PRIS LAW OFF | | SQ | 94964 | |
| 6/25/07 | ROSEN, BIEN | | SAN FRAN | 94104 | |
| 6/27/07 | US DIST CT/CK | | SAN FRAN | 94102 | |
| 7/10/07 | PRIS LAW OFF | | SQ | 94964 | |
| 7/13/07 | ASP MAILROOM | | AVENAL | 93204 | |
| 7/16/07 | PRIS LAW OFF | | SQ | 94964 | |
| 7/19/07 | INSPECT GEN | | SAC | 95834 | |
| 7/19/07 | PRIS LAW OFF | | SQ | 94964 | |
| 7/20/07 | ROSEN, BIEN | | SAN FRAN | 94104 | |
| 7/23/07 | DEPT OF JUST | | VASHINGTOI | 20530 | |
| 7/24/07 | *US DIST CT/CK | | SAN FTRAN | 94102 | |
| 7/31/07 | PUB DEF | | FAIRFIELD | 94533 | |
| 8/1/07 | DNAL LAWYERS ( | | NEW YORK | 10038 | Forms /Papers returned for insufficient postage |
| 8/8/07 | RTS/POSTAGE | | AVENAL | | |
| 8/17/07 | PUB DEFEND | | FAIRFIELD | 94533 | |
| 8/20/07 | GOV CLAIM | | SAC | 95812 | |

Date Printed: 12-Sep-07

(72)

77 8 118

# RIGHTS AND RESPONSIBILITY STATEMENT

*The California Department of Corrections has added departmental language (shown inside brackets, in non-boldface type) for clarification purposes.*



**YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER** [this includes a departmental peace officer]  **FOR ANY IMPROPER POLICE** [or peace] **OFFICER CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS'** [or inmates'/parolees'] **COMPLAINTS.  YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE.  THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY.  CITIZEN** [or inmate/parolee] **COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.**

**IT IS AGAINST THE LAW TO MAKE A COMPLAINT THAT YOU KNOW TO BE FALSE. IF YOU MAKE A COMPLAINT AGAINST AN OFFICER KNOWING IT IS FALSE, YOU CAN BE PROSECUTED ON A MISDEMEANOR CHARGE.**  [An inmate/parolee who makes a complaint against a departmental peace officer, knowing it is false, may be issued a serious disiplinary rule violation, in addition to being prosecuted on a misdemeanor charge.]

| COMPLAINANT'S PRINTED NAME | COMPLAINANT'S SIGNATURE | DATE SIGNED |  |
|---|---|---|---|
| Charles Walton | /s/ | 12-1-07 |  |
| INMATE/PAROLEE PRINTED NAME | INMATE/PAROLEE'S SIGNATURE | CDC NUMBER | DATE SIGNED |
| Charles Walton | /s/ | F48589 | 12-1-07 |
| RECEIVING STAFF'S PRINTED NAME | RECEIVING STAFF'S SIGNATURE | DATE SIGNED |  |

**✷*Sign in Blue Ink*✷**

DISTRIBUTION:
ORIGINAL - *Warden Hartley*
Public - Institution Head/Parole Administrator
Inmate/Parolee - Attach to CDC form 602
Employee - Institution Head/Parole Administrator
COPY - Complainant

*(73)*

78 2 118

# PROOF OF SERVICE BY MAIL

I THE UNDERSIGNED, CERTIFY THAT I AM OVER THE AGE OF EIGHTEEN (18) YEARS OF AGE. THAT I

CAUSED TO BE SERVED A COPY OF THE FOLLOWING DCOUMENT:

ENTITLED: *An appeal, pursuant to The California Code of Regulations (CCR), Title 15,*
*Article 8, Section 3084.1(a), of a CDCR Departmental Official's decision and action, that*
*has had an adverse effect upon an inmates welfare.*

BY PLACING THE SAME IN AN ENVELOPE, SEALING IT BEFORE A CORRECTIONAL OFFICER,

AND DEPOSITING IT IN THE [ *UNITED STATES MAIL* ] AT AVENAL STATE PRISON AND ADDRESSEDIT

TO THE FOLLOWING: *Mathew Cate, Inspector General*
*Ken Hurdle, Lead Ombudsman*
*William Gausewitz, CDCR Director*
*James Hartley, ASP Warden*

EXECUTED ON *November*____, *03*, 20 *07*____ AT AVENAL STATE PRISON, AVENAL CALIFORNIA

I, *Charles Wilton, F48589*____ DECLARE UNDER THE PENALTY OF PERJURY UNDER THE LAW

OF THE STATE OF CALIFORNIA THAT THE FOREGOING IS TRUE AND CORRECT.

_____
SIGNITURE OF DECLARANT

*Charles Everett Walton F48589*
_____
PRINT NAME OF DECLARANT

PRO PER.

79 8 118                    (74)                    11

Appeal # ASP-M-07-00479                    Section H, continuation.
                                            February 13, 2008

§ H –  Response to Memorandum dated 2/4/08 (L. Ochoa signed 2/5/08)
   To : Chief of Inmate Appeals/Recieving Staff – Please Note :
   (1) Inmate, Walton F48589 didn't actual recieve §G Ass Werden's
        responce until 2/12/08.
   (2) SNY inmates, interinstitutional movement is severly restricted;
        thereby limiting access to the law library for copies to one day/week

Associate Warden, L. Ochoa §G responce; see attached memorandum :
   Appeal Issues :
   (1) All in this section/paragraph is correct; except : the last sentence –
        (a) ~~this does~~ See §D. Action Request & attached "602".
        (b) I, Walton F48589, said, "That [A]ll Expenses incurred ... or that he
             [may incur], as a [result]..."


   Summary for Appeal Inquiry :
   (1) Correct I was interviewed by Lieutenant "2. McManus" (not A. Warden "L.
        Ochoa"); but yet "L. Ochoa" makes an allegation, about Walton, that
        is factual incorrect/inconsistent with the dates marked on the legal
        mail-log he provided; see attached legal mail-log.
   (2) L. Ochoa confirms the fact that Walton's mail was returned due to
        mailroom's failure to "affix" enough postage; see (L. Ochoa Memorandum.
        2/4/08, subject: Appeal Issue: at sentence 2, "Due to insufficient
        postage the legal mail was returned ... for additional postage ...").
        (a) additional postage Ave. St. Prs. failed to provide.
   (3) Walton, affirms L. Ochoa's acknowledgement of ASP's fault in
        Walton failing to meet "the deadline imposed by the court for filing
        of his In Forma Pauperis."; see attach Notice for In Forma Pauperis.
        (a) however, §B of ASP-M-07-0347?, clearly states "[A]ll"
             expenses incurred: not just/only the court filing fee.

80 of 118        (75)

(4) See exhibit (marked in Yellow Highlighter) "B":

(a) Why, wasn't inmate Walton's mail returned after 7-18-07, or shortly after it was returned to ASP, for insufficient postage?

(b) Why wasn't the correct amount of postage paid from the beginning 7-17-07?

(c) Why wasn't the difference/"additional" postage paid?

See §B for Action Requested

Date Submitted 2/13/08                    Charles Walton F#25589

Amended, Canoza (Coated Officer). Complaint ASP-M-08-00550; 1AB# **0717307**

Tab 1- First Amended Complaint submitted 12/19/07 (unassigned)          77

    1-1   CDC 7362 Form, Plaintiff Closed as a Proof of Service #64127 (1/26/07)   77

    1-2   Proof of Service for "0" Lvl response (1/3/08)          78

    1-3   "   "   "   Intial Informal Lvl. Submittance (12/19/07)   79

    1-4   Initial Amended Complaint submitted 12/19/07- unassigned   80

    1-5   Continuation page for 3 A of "602"          81

    1-6   Unsigned Rights and Responsibility Statement (12/19/07   82

    1-7   Defendants Screenout dated 12/27/08          83

    1-8   "0". Lvl response to 12/27/08 screenout submitted 12/31/07   84

    1-9   Defendants Screenout dated 1/16/08          85

    1-10  "F" section response to Defendants 1/16/08 screening   86

    1-11  Defendants Final Screenout [Threatening to Confiscate the Complaint] (2/7/08)   87

    1-12  Envelope Complaint was originally mailed to Warden Hartley in December Jan. 08   88

Tab 2  Second Amended Canoza Complaint submitted 2/13/08, ASP-M-08-00550   89

    2-1+3  1st Formal Lvl response Defendants Memorandum dated 3/2/08   89-91

    2-4   2nd Amended Canoza Complaint submitted 2/13/08, ASP-M-08-00550   92

    2-5   ~~Screen~~ 1st amended Canoza complaint screenout dated 2/7/08   93

          directing Plaintiff to Amend Complaint or have it confiscated.

    2-6   Unsigned Rights and Responsibility Statement dated 2/13/08   94

    2-7   Plaintiff's psyche records dated 8/17/07          95



EXHIBIT A(3)

STATE OF CALIFORNIA
CDC 7362 (Rev. 03/04)

**HEALTH CARE SERVICES REQUEST FORM**

DEPARTMENT OF CORRECTIONS

| PART I: TO BE COMPLETED BY THE PATIENT |
|---|
| *A fee of $5.00 may be charged to your trust account for each health care visit.* |
| **If you believe this is an urgent/emergent health care need, contact the correctional officer on duty.** |

REQUEST FOR:  MEDICAL ☐   MENTAL HEALTH ☐   DENTAL ☐   MEDICATION REFILL ☐

| NAME | CDC NUMBER | HOUSING |
|---|---|---|
| Walton | F48589 | 320-802 |

| PATIENT SIGNATURE | DATE |
|---|---|
| *Mailed out legal mail 1/27/08* | 1-25-08 |

REASON YOU ARE REQUESTING HEALTH CARE SERVICES. (Describe Your Health Problem And How Long You Have Had The Problem) *Proof of Service By Mail; of the following documents - Employee Misconduct Complaint of C/O Canoza,*
*1) Please Sign and Date all attached documents*
*2) Provide Tracking Numbers (3) Return with one envelope mailed in to verify date received!*

*NOTE: IF THE PATIENT IS UNABLE TO COMPLETE THE FORM, A HEALTH CARE STAFF MEMBER SHALL COMPLETE THE FORM ON BEHALF OF THE PATIENT AND DATE AND SIGN THE FORM*

| PART III: TO BE COMPLETED AFTER PATIENT'S APPOINTMENT |
|---|
| ☐ Visit is not exempt from $5.00 copayment. (Send pink copy to Inmate Trust Office.) |

| PART II: TO BE COMPLETED BY THE TRIAGE REGISTERED NURSE |
|---|

| Date / Time Received: | Received by: |
|---|---|
| Date / Time Reviewed by RN: | Reviewed by: |

S:                    Pain Scale:  1  2  3  4  5  6  7  8  9  10

O:   T:        P:        R:        BP:        WEIGHT:

A:

P:

☐ **See Nursing Encounter Form**

E:                                        A(3.1

| APPOINTMENT SCHEDULED AS: | EMERGENCY (IMMEDIATELY) ☐ | URGENT (WITHIN 24 HOURS) ☐ | ROUTINE (WITHIN 14 CALENDAR DAYS) ☐ |
|---|---|---|---|
| REFERRED TO PCP: | | DATE OF APPOINTMENT: | |
| COMPLETED BY | | NAME OF INSTITUTION | |

| PRINT / STAMP NAME | SIGNATURE / TITLE | DATE/TIME COMPLETED |
|---|---|---|

CDC 7362 (Rev. 03/04)    Original - Unit Health Record    Yellow - Inmate (if copayment applicable)    Pink - Inmate Trust Office (if copayment applicable)    Gold - Inmate

82 of 118                    (77)

2

# PROOF OF SERVICE BY MAIL

I THE UNDERSIGNED,   CERTIFY THAT I AM OVER THE AGE OF EIGHTEEN (18) YEARS OF AGE. THAT I

CAUSED TO BE SERVED A COPY OF THE FOLLOWING DOCUMENT:

ENTITLED: "D" level response to First level screening of Complaint against C/O Canoza for harrasment and discriminatory acts, towards an inmate for fileing of appeals; during legal mail call at Avenal State Prison HU41D on 8-10-07. This complaint of conduct unbecoming of a CDCR employee is being made Persuant CCR§ 3084.1.(e)

BY PLACING THE SAME IN AN ENVELPOE, SEALING IT BEFORE A CORRECTIONAL OFFICER,

AND DEPOSITING IT IN THE [*UNITED STATE MAIL*] AT AVENAL STATE PRISON AND ADDRESSED IT TO THE

FOLLOWING: M. J and Sango

Hartley , ASP Warden

EXECUTED ON January  3, 2008  AT AVENAL STATE PRISON, AVENAL,CALIFORNIA

I, Charles Everett Walton Jr. , DECLARE UNDER THE PENALTY OF PERJURY UNDER THE LAW
OF THE STATE OF CALIFORNIA THAT THE FOREGOING IS TRUE AND CORRECT.

_____
SIGNATURE OF DECLARANT

Charles Walton # F48589
PRINT NAME OF DECLARANT

PRO PER.

83 of 118                    (78)

3

# PROOF OF SERVICE BY MAIL

I **THE UNDERSIGNED, CERTIFY THAT I AM OVER THE AGE OF EIGHTEEN (18) YEARS OF AGE. THAT I**

**CAUSED TO BE SERVED A COPY OF THE FOLLOWING DCOUMENT:**

**ENTITLED:** _Complaint against C/O Canoza for harrasment and discriminatory_
_acts, towards an inmate for the filing of appeals during legal mail call._
_Inmate Complaint and Appeal pursuant CCR § 3084.1.(e)_

**BY PLACING THE SAME IN AN ENVELOPE, SEALING IT BEFORE A CORRECTIONAL OFFICER,**

**AND DEPOSITING IT IN THE [ _UNITED STATES MAIL_ ] AT AVENAL STATE PRISON AND ADDRESSEDIT**

**TO THE FOLLOWING:** M. S. and Sango
Crausewitz, CDCR Director
Hartley , ASP Warden

**EXECUTED ON** _December_ **19** , 20 _07_ **AT AVENAL STATE PRISON, AVENAL CALIFORNIA**

I, _Charles Everett Watson Jr._ **DECLARE UNDER THE PENALTY OF PERJURY UNDER THE LAW**

**OF THE STATE OF CALIFORNIA THAT THE FOREGOING IS TRUE AND CORRECT.**

_____
**SIGNTURE OF DECLARANT**

_Charles Watson #F48589_
**PRINT NAME OF DECLARANT**

**PRO PER.**

84 of 118

(79)
2 of 4

4

# INMATE/PAROLEE
# APPEAL FORM
CDC 602 (12/87)

| Location: | Institution/Parole Region | Log No. | | Category |
|---|---|---|---|---|
| 1. | | 1. | | |
| 2. | | 2. | | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly. Attn: File Persuant to 15 CCR § 3084.5 (a)(3)(4)

| NAME Walton, Charles | NUMBER F48589 | ASSIGNMENT NH | UNIT/ROOM NUMBER 350-2-340 |
|---|---|---|---|

A. Describe Problem: (1) 8-10-07 @ ASP's H040, I/E Caroza called for out-going legal mail. (2) Inmate Walton, following orders concerning this petition, legal mail inbound, to be signed over and mailed to the ND Cal. (3) Caroza demanded Walton remove the contents from previously sealed legal mail, (that was returned to Walton for insufficient postage) before placing it in the new envelope addressed to the ND Cal. (4) Caroza became hostile, calling Walton "Smart Ass" + "Asshole" when Walton showed him the unbroken seal and the signature of the O/C who originally signed it, and Walton tried to explain that he could no have unsealed, resealed and forge the previous signing O/C's signature. (5) Caroza insisted, so Walton complied. After displaying the envelopes inside/contents, Walton proceeded to return the documents to their original envelope and placed that in the new envelope for mailing to court. (6) At which time Caroza snatched the envelope from Walton exclaiming, "You can not do that", and the questioned Walton, "Why do you want to do that?" (7) Now see Walton explained, but the could, the returned the the new envelope and placed them on the counter in front of Caroza. (8) Again Caroza called Walt

If you need more space, attach one additional sheet.    *See Attachment*

B. Action Requested: Provide Tracking Number. (2) Sign (in blue ink) and Date all (Rights + Responsibility, Memorandums that You have attached, Screening Responses) documents that require (Your Signature. (3) That any and all reports/documents related to this complaint be retained pursuant to/under Penal Code § 832.5 (g), and that Walton be notified of the conclusion of any investigation pur. CDC Admin. Bulletin 98/.
*See attachment*

Inmate/Parolee Signature: _____    Date Submitted: 12-19-07

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

_____

_____

_____

_____

Staff Signature: _____    Date Returned to Inmate: 12-31-07

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

(1) I am dissatisfied with response to Staff Complaint response being made pursuant and in compliance with CCR § 3084.1 (e); You have failed to sign any of the attached legal documents. You have failed to provide tracking number. These acts can have no other intent than for You to avoid liability/responsibility/accountability in the processing of this employee misconduct complaint, that deprives an inmate of the right and ability to appeal adverse staff actions. See Attachment "D"

Signature: _____    Date Submitted: 12-31-07

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

RECEIVED
(80)    DEC 3 1 2007
APPEALS OFFICE


85 8918

—

First Level  ☐ Granted  ☐ P. Granted  ☐ Denied  ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

_____

_____

_____

_____

_____

_____

Staff Signature: _____ Title: _____ Date Completed: _____

Division Head Approved: _____ Returned

Signature: _____ Title: _____ Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

Appellant realleges all previous statements/allegations of §§A and D of this Employee Misconduct Complaint, made in compliance with CCR§ 3084.1 (e) for violations of CCR§ §§ 3004 (a), 3391, 3004 (c) 3400, 3084.1 (d) and 3405; see attached §F continuation

Signature: _____ Date Submitted: 1-25-08

Second Level  ☐ Granted  ☐ P. Granted  ☐ Denied  ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____ Due Date: _____
☐ See Attached Letter

Signature: _____ Date Completed: _____

Warden/Superintendent Signature: _____ Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

_____

_____

_____

_____

_____

Signature: _____ Date Submitted: _____

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:  ☐ Granted  ☐ P. Granted  ☐ Denied  ☐ Other _____
☐ See Attached Letter

Date: _____

CDC 602 (12/87)

ntinuation of Inmate Appeal   (12-19-07)

Describe Problem:

**smart ass** " again and threatened not to send his legal mail if he said anymore. (c) Walton said nothing, sealed the envelope with contents intact, and the legal mail log and hurried off and away.

The California Code of Regulations Title Fifteen States:

3005.(b)("Obeying Orders. Inmates and parolees must promptly and courteously obey written and verbal orders...." orders Walton complied w at mail call); § 3014. Calls and Passes. ("Inmates must respond promptly to notices given in writing, announced over the public address system... ·

3004.(a) Rights and Respects of Others. ("Inmates and parolees have the right to be treated respectfully, impartially, and fairly by all employees ployees and inmates may use first names in conversation with each other when it is mutually acceptable to both parties." Walton has never sorted to the use of first names with staff nor any other names (or that matter); § 3391. Employee Conduct. (a)("Employers shall be alert, urteous, and professional in their dealings with inmates, parolees, fellow employees, visitors and members of the public. Inmates and parolees shall be lressed by their proper names, and never by derogatory or slang references. Prison numbers shall be used only with names to summon.... Employees all not use indecent, abusive, profane, or otherwise improper language while on duty. Irresponsible or unethical conduct or conduct reflecting discredit themselves or the department, either on or off duty, shall be avoided by all employers."); § 3400. Familiarity. ("Employees must not engage in se familiarity with inmates and parolees ... Whenever there is reason for an employee to have personal contact or discussion with an inmate ... the nloyee must maintain a helpful but professional attitude and demeanor....");

3084.1. Right to Appeal. (d) ("No reprisal shall be taken against an inmate or parolee for filing an appeal...."); 3141. Confidential Correspondence. (a)("Inmates and persons confined in departmental facilities may correspond confidentially with the persons staff/members of the persons listed in subdivision (c) of this section. (see subsection (c)(5)("All state and federal judges and courts)... ")("Confidential correspondence is a right guaranteed by law...."); § 3144. Inspection of Confidential Mail. ("To determine the possible presence contraband all incoming confidential mail will be inspected prior to delivery to an inmate. Confidential mail will be opened in the presence of are addressee. Inspecting correctional officials will not read any of the contents of the confidential mail. Outgoing confidential mail may be pected, with or without opening the mail for cause only.")(a) (Cause may include, but is not limited to, the reasonable belief by rectional officials that the letter is not addressed to or is not from an official or office listed in § 3141 or when other means of inspection icates the presence of physical contraband in the envelope. In such instances the mail will be opened in the presence of the inmate for amination.")(b)("Upon determining that the envelope contains prohibited material or that there is a misrepresentation of the sender's or re tresses's identity, the letter and any enclosures may be examined and read in its entirety to determine the most appropriate of the following ns.....")None of these options state: "Harass and call inmates out of their name.")

thermore, Canoza's unsolicited discouragements and disparaging advice and other unprofessional **coercive** acts was/are contrary to; § 3405. Legal Assistance to Inmates and Parolees. ("Employees must not assist an inmate or parolee in the vation of any legal document,") trying to discourage Walton from sending the evidence necessary for matters now before the courts; is an use disregard or lack of training in matter concerning inmate's legal documents (" or give any form of legal advice or service, except as ifically authorized by the[warden], superintendent or regional administrator.) if he is [authorized] to act in the manner, described e, he failed to provide and documentation stating that fact ("Employees should help inmates and parolees to find qualified sources for their legal problems.") and finally if Canoza truely believed Walton was incapable of handleing [this] legal matters with Court(s) - Canoza failed to direct me to [qualified] assistance as stated above.

## Action Requested: (12-19-07)

That all CVCF Employees involved with the handleing and processing of inmate legal documents/work mail be trained/instructed and directed to perform their duties at the level of professionalism as stated the CCR's.

That C/O Canoza be personally reinformed and directed in the appropriate behaviour of a professional outlined and delligated in The California Code of Regulations Title Fifteen; and that his unprofessionalism noted and retained per ~~1111111~~ PC § 32.5(b)

I Charles Everett Walton Jr, declare under the penalty of perjury per. 28 USC. §1746 that the foregoing is True and Correct.

Executed this 19th day of ~~December~~ December, 2007, in California at Avenal State Prison at ings County.

Respectfully Submitted
By;
_____
Charles Everett Walton Jr, F48589
Avenal State Prison 350-2-36

# RIGHTS AND RESPONSIBILITY STATEMENT

*The California Department of Corrections has added departmental language (shown inside brackets, in non-boldface type) for clarification purposes.*

*Pursuant to Penal Code 148.6, anyone wishing to file an allegation of misconduct by a departmental peace officer must read, sign and submit the following statement:*

**YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER** [this includes a departmental peace officer] **FOR ANY IMPROPER POLICE** [or peace] **OFFICER CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS'** [or inmates'/parolees'] **COMPLAINTS. YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE. THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY. CITIZEN** [or inmate/parolee] **COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.**

**IT IS AGAINST THE LAW TO MAKE A COMPLAINT THAT YOU KNOW TO BE FALSE. IF YOU MAKE A COMPLAINT AGAINST AN OFFICER KNOWING IT IS FALSE, YOU CAN BE PROSECUTED ON A MISDEMEANOR CHARGE.** [An inmate/parolee who makes a complaint against a departmental peace officer, knowing it is false, may be issued a serious disiplinary rule violation, in addition to being prosecuted on a misdemeanor charge.]

| COMPLAINANT'S PRINTED NAME | COMPLAINANT'S SIGNATURE | DATE SIGNED |
|---|---|---|
| Charles Walton | n/a | December 19, 2007 |
| INMATE/PAROLEE PRINTED NAME | INMATE/PAROLEE'S SIGNATURE | CDC NUMBER / DATE SIGNED |
| Charles Walton | | F48589   12-19-07 |
| RECEIVING STAFF'S PRINTED NAME | RECEIVING STAFF'S SIGNATURE | DATE SIGNED |
| | | |

*Sign in Blue Ink*

DISTRIBUTION:
ORIGINAL - Hartley - ASP Warden
Public - Institution Head/Parole Administrator
Inmate/Parolee - Attach to CDC form 602
Employee - Institution Head/Parole Administrator
COPY - Complainant   Walton F48589

M.S. and Scago
Grogowitz, CDCR Director (82)

87 of 118

7

**State of California**
**CDC FORM 695**
**Screening For:**
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

*December 27, 2007*

***WALTON, F48589***
*350 2 00000034U*

Log Number: ASP-M-
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals).

The enclosed documents are being returned to you for the following reasons:

*Staff complaints shall not be combined with other appeal issues, per Administrative Bulletin 05/03.*

*We are not able to read your appeal. You will be required to write legibly and state your problem and subsequent action requested. Do not instruct appeals coordinator on processing appeals in conjunction to your staff complaint against correctional staff.*

N. Lopez/ S. T. Smith/ H. R. Allison
Appeals Coordinator
Avenal State Prison

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

---

**PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE**

8

Attachment D Formal Lvl

December 31, 2007
  D. Formal Level (continued)
2) Re: Screening @ the First Lvl - Dated: December 27, 2007.

Prg. 1 - "Staff complaint shall not... per AB 05/03."
    This is a seperate appeal. Please colaborate on what "appeal issues" You are refering to. Be Specific.
Prg. 2, 1st sentence - "We are not able to read your appeal."
    If You are [s]till unable to read this response, please provide a typewritter and I'll do better. Furthermore, [W]ho is the "[We]", [You All] are refering to?
2nd sentence - "... write legibly..."
    If this isn't anymore legible, [You All] may be illiterate or need glasses.
    - "... state your problem..."
    [T]he problem are aggressive staff (C/O Canoza), who intimidate inmates snatching their legal documents and calling them (Walton) "ASSHOLE", "SMARTASS", and what they we can and cannot send to the Courts! Thereby violating CCR's §§ 3004.(a), 3391.(a), 3400, 3084.1.(d), 3141.(a), 3144., 3004.(c) and 3405.
    - "... subsequent action request."
    That I am (Walton) no longer subjected to any further reprisals/mental, emotional and psychological abuse/duress or any other forms of discrimination, for excercising the right to file 602s/Staff complaints, and other Rights Garanteed All Americans under The U.S. Constitution.

NOTE: This response has been made in Complete Compliance and in Full Cooperation with/as [?YOU ALL?] have Instructed in [You Alls] First Lvl Screening. Please provide future Instruction per CCR § 3084.3.(d). I scored a 6.4 on the TABE.

89 of 118                                    (84)

9

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

January 16, 2008

**WALTON, F48589**
*350 2 00000033L*

Log Number: ASP-M-
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

Prg 1    *Staff complaints shall not be combined with other appeal issues, per Administrative Bulletin 05/03.*

Prg 2    *After review by the hiring authority it was determined your appeal does not meet the criteria set forth in AB 05 03 to be a staff complaint. You will be required to meet the standards set forth by Title 15. Complete Sections A & B only, Sign and Date the appeal if you would like to proceed throught the appeals process for your legal mail handling issue. You are not authroized to Bypass any level.*

N. Lopez/ S. T. Smith/ H. R. Allison
Appeals Coordinator
Avenal State Prison

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

---

**PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE**

90 ?118      (85)

10

January 25, 2008

1   8 F (Continued)

2      Re: Screening @ the First Lvl-Dated: January 16, 2008

3

4   <u>Prg 1</u>   "Staff complaints shall not be combined with other appeal issues..."

5          There is only [T]he issue of C/O Canoza's [behavior/misconduct (calling

6          an inmate out of his name and overt displays of hostility because an

7          inmate filed an appeal per CCR § 3084.1. and § 3160.) that is being raised

8          in this Complaint per CCR § 3084.1. (e).

9      Please cite/quote any statement/allegation, [to] have misconstrued to be of anything

10     other than Officer Canoza's behavior, mentioned in [This] Complaint.

11

12  <u>Prg 2-sentence 1</u>, "... criteria set forth in AB 05/03 to be a staff complaint."

13     Please provide a copy of the entire section of AB 05/03, that pertains to this

14     matter. Inmates have severely limited access to the Law Library, of one hour per week

15     [i]f we are ducated. Waiting for a ducat would cause a late response.

16     <u>- Sentence 2</u>, "You will be required to meet the standards set forth by the Title 15."

17     Where in the Title 15 does it cite reference AB 05/03, as an Authority ???

18         However, the Title 15 does state that internal review is not required for appeals

19         per (CCR § 3084.5. (a)(3)(G), "...alleged misconduct by a departmental peace officer.",

20     CCR § 3084.1. (e) states, "An appeal alleging misconduct... shall be accompanied by a

21     Rights and Responsibility Statement...", a standard Walton has obviously met.

22     <u>- Sentence 3</u>, "Complete Sections A + B..."

23         Sections A + B have been complete since December 19, 2007; this complaint of

24         Staff Misconduct was [N] ever about Legal Mail. It is about C/O Canoza's Failure

25         to comply/adhere to standards set forth by The Title 15. Mentioning Legal Mail was

           required in describing the circumstances surrounding C/O Canoza's violation of § 3391.(a).

26  NOTE: This response has been made in Complete Compliance with standards set forth

27         by The Title 15 and the Authorities, therein cited.

28  Please provide future Instructions per CCR § 3084.3. (d). I scored 6.4 on the TABE test.

        Sign and Date All attachments and Provide Tracking Number.
            P.S. This could be the conclusion of Administrative Remedies...

9/8/18
★ T... .... Page ★

('86)

Last question how were [You All] able to come to the conclusion, this complaint is about "legal mail handleing", if as [You All] stated on 12/27/07, "We are not able to read your appeal."?

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

*February 7, 2008*

*WALTON, F48589*
*320 00000000080L*

Log Number: ASP-M-
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

*This appeal constitutes an abuse of the appeal process pursuant to CCR 3084.4. Refusal to interview or cooperate with reviewer shall result in cancellation of the appeal per CCR 3084.4(d).*

*Mr. Walton your appeal is being returned for the last time. If you do not adhere to regulations and submit this appeal one more time, it will be retained in the dead file and cancelled.*
*1) Your appeal was reviewed by the Hiring Authority and deemed to be a supervisory issue.*
*2) One Continuous page ONLY - take all other pages off you will be provided an interview*
*3) Complete Section A & B ONLY you have not right to Bypass only appeals staff can complete this task*
*4) Sign and date the appeal*
*Again you will be required to follow the guidelines set forth by Title 15. Failure to cooperate will deem this appeal CANCELLED!*

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

---

**PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE**

Charles Walton F48889
Avenal State Prison
PO Box 8, 3AD-80L
Avenal, Ca 93204

Confidential

**LEGAL MAIL**

JAN 2 8 2008

AVENAL STATE PRISON
MAILROOM

(88)

64127-James D. Hartley, Warden ASP
#1 Kings Way P.O. Box 8
Avenal, Ca 93204

**Confidential**

93224438708 H001

049J820.42606
**$00.750**
01/28/2008
Mailed From  93204
**US POSTAGE**
neopost

Confidential

93 of 118

STATE OF CALIFORNIA                                    DEPARTMENT OF CORRECTIONS AND REHABILITATION

# Memorandum

Date:    March 02, 2008

To:     **Walton F-48589**
       320-80L
       Avenal State Prison

Subject:  FIRST LEVEL APPEAL RESPONSE
        LOG NO: ASP-M-08-00550

        APPEAL DECISION: **Partially Granted**

**APPEAL ISSUE:**
In Inmate Walton's CDC 602, he alleges that on 08/10/2007, Officer A. Canoza, while assigned as a Housing Unit 410 Floor Officer, took legal papers (indigent envelope request forms) away from Walton F-48589. Walton alleges that he had sent out an application, to be filed with the courts, as an indigent inmate. If granted, the courts would pay for the costs of Walton filing his legal appeal. Walton said that he did not put sufficient postage on the envelope, containing this application, so the ASP Mailroom returned it to Walton. Walton alleges that when Officer A. Canoza returned the letter to him, Officer A. Canoza told Walton that he could not send that letter out. Walton alleges that Officer A. Canoza called Walton an "asshole" and a "smartass," thereby failing to comply with Title 15 C.C.R. sections 3004, 3084.1(d), 3160(a), 3391(a), 3400, 3405.

**ACTION REQUESTED:**
Inmate Walton, you are requesting to be provided a tracking number for your CDC 602, and that no retaliation, reprisal, or other form of discrimination is taken against you for filing a CDC 602 Inmate Appeal. Walton, you are also requesting to be transferred from ASP to another institution.

**APPEAL RESPONSE:**
Your appeal has received careful consideration and has been thoroughly researched. On 02/29/08, your appeal (ASP-M-08-00550) was referred to me, Correctional Sergeant G. Schnacker, for FIRST LEVEL RESPONSE. On 03/02/08, at approximately 1830 hours, I conducted an interview with you, concerning your appeal, in order to provide you an opportunity to fully explain your appeal. I informed you that the Appeals Office had assigned your appeal with log # ASP-M-08-00550. During our interview, you were unable to provide any evidence or documents to support your allegations. However, you did provide Inmates Blum, and Brooks (P-16665, 410-1-56L) as witnesses to this occurrence.

In your CDC 602, and during our interview, you allege that on 08/10/2007, Officer A. Canoza called you an "asshole" and a "smartass." During our interview you allege that you had sent out an application, to file with the courts, as an indigent inmate. This would allow for the courts to pay the costs of you filing your legal appeal.

CDC 1617 (3/89)

94 of 118

(89)

You allege that you did not put sufficient postage on the envelope, so the ASP Mailroom returned it to you. You allege that after Officer A. Canoza returned the letter to you, he told you that you could not send out the returned envelope and letter, stuffed inside an indigent letter, which you say you were attempting to do. You told Officer A. Canoza "What are you? Are you my lawyer now?" You allege that Officer A. Canoza then called you an "asshole" and a "smartass", thereby violating the above referenced C.C.R Sections. You provided Inmates Blum, and Brooks (P16665, 410-1-56L) as witnesses.

In researching the applicability of the C.C.R, Title 15 sections you site in your CDC 602, (3004, (Rights and Respect) 3084.1(d), (Right to Appeal), 3160(a), (Inmate Access to Courts) 3391(a), (Employee Conduct) 3400, (Familiarity) and 3405 (Legal Assistance to Inmates and Parolees) you fail to articulate the relevance of many of the above mentioned CCR Title 15 sections.

The only Title 15, C.C.R. Sections you sited in your CDC 602 that I find applicable with the allegations you are making in this CDC 602 are:

    3004 Rights and Respect
    This section says, in part, that inmates have a right to be treated respectfully, impartially, and fairly by all employees, nor will inmates parolees, or employees openly display disrespect for others.

    3391(a) Employee Conduct
    This section, in part, directs employees to be courteous and professional in their dealings with inmates.

On 03/02/08, I conducted an interview with Inmate Brooks P-16665. During the course of the interview, I asked Brooks if on 08/10/07 he had witnessed Walton and another officer conversing, and then hearing that officer calling Brooks an "asshole" and a "smartass." Brooks stated that he never heard an officer call Brooks an "asshole" or a "smartass." Brooks did not have anything else that he could add to this interview. In checking the institutional roster, there is no Inmate Blum currently housed at A.S.P.

On 03/02/08, I conducted an interview with Officer A. Canoza in regards to the allegations you claim in this CDC 602. Officer A. Canoza said that he does not remember who you are. Officer A. Canoza said that he does not speak to inmates disrespectfully. Officer A. Canoza said, in his dealing with inmates, he is always professional. Officer Canoza fully denies all allegations, against him, claimed in this CDC 602.

Based on the aforementioned information, obtained through our interview, and during my investigation, I find that you have failed to substantiate any proof that Officer A. Canoza violated any policy/procedure as outlined in the C.C.R. Title 15.

95 2118

Page 3 of 3
**Walton F-48589**
LOG NO: ASP-M-08-00550

You request that you be provided a number for tracking your CDC 602. As stated during our interview, ASP Appeals Office has given your CDC 602 Log # ASP-M-08-00550. You are further requesting that no retaliation, reprisal, or any other form of discrimination be taken against you for filing a CDC 602, Inmate Appeal, and that you be transferred out of A.S.P.

Your appeal is **Partially Granted**, at the First Level of Appeal. You have been provided log # ASP-M-08-00550, to track this CDC 602. No retaliation, reprisal, or any other form of discrimination shall be taken against you for filing a CDC 602, Inmate Appeal. In so far as to your request that you be transferred out of A.S.P, I do not have the authority.

G. Schnacker
Housing Sergeant
Facility IV
Avenal State Prison

L. Ochoa
Associate Warden
Complex B-Central Operations
Avenal State Prison

**INMATE/PAROLEE
APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region

1. ___PSP___    1. _08-00550_    Category _2_

2. _____    2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly. Attention file pursuant CCR section 3084.5.(a)(3)(G)..

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| Walton | F48589 | NA | 320-80L |

A. Describe Problem: 8-10-07 at H.U.410 Custody Officer(C/O) called inmate,WALTON F48589,"ASSHOLE" and "SMARTASS", snatched his legal papers and said,"You can't send that out". In doing so C/O Canoza actions failed to comply with CCRs Sections, 3004.,3084.1.(d).,3160.(a).,3391.(a).,
3400. and 3405..

   This Employee Misconduct Complaint, is amended as instructed-see attached 1st Lvl. screenir
dated 2-7-08; and is fully compliant with 15 CCR's sections 3084.1.(e). and 3391. et seq..

If you need more space, attach one additional sheet.

B. Action Requested: (1). Provide Tracking Number.(2). That I(Walton) am nolonger subjected to any
 further retaliation, reprisals, mental/emotional/psychological abuse,duress or any other for
 of discrimination. for excercising,the right to file 602's/grievances, staff complaints, civ
 suits and 1st amendment or other United States Constituional Rights....(3)That Walton Be tra
fered away Avenal State Prison, were he, will nolonger suffer retaliation.

Inmate/Parolee Signature: _____    Date Submitted: _2-/3-08_

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

**BYPASS**

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

**BYPASS**

Signature: _____    Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

| 08-00550 |

A(3)2

**RECEIVED**

FEB 2 1 2008

ASP APPEALS OFFICE

97 of 118                    (92)

First Level    ☐ Granted    ☑ P. Granted    ☐ Denied    ☐ Other    ASP-M-08-00550

E.  REVIEWER'S ACTION (Complete within 15 working days): Date assigned: 02/22/08    Due Date: 04/07/08

Interviewed by: G. Schnacker Sgt. 3/02/2008

_____

_____

_____

_____

_____

_____

Staff Signature: _____    Title: Sergeant    Date Completed: 3/03/08
Division Head Approved:    Returned
Signature: _____    Title: _____    Date to Inmate: _____

F.  If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

Appelent realleges all written statements / allegations stated above in section A of this Staff Misconduct Complaint. Further more the appellant is willing and hereby consents to polygraph to clear any doight You may have as to the allegations stated above. Also see supporting complaint made to psyche. and

Signature: _____    Date Submitted: _____

Second Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

G.  REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____    Due Date: _____
☐ See Attached Letter

Signature: _____    Date Completed: _____

Warden/Superintendent Signature: _____    Date Returned to Inmate: _____

H.  If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

_____

_____

_____

_____

_____

_____

Signature: _____    Date Submitted: _____

For the Director's Review, submit all documents to:  Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____
☐ See Attached Letter
                                                                Date: _____

CDC 602 (12/87)

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

February 7, 2008

*WALTON, F48589*
*320 00000000080L*

Log Number: ASP-M-
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

*This appeal constitutes an abuse of the appeal process pursuant to CCR 3084.4. Refusal to interview or cooperate with reviewer shall result in cancellation of the appeal per CCR 3084.4(d).*

*Mr. Walton your appeal is being returned for the last time. If you do not adhere to regulations and submit this appeal one more time, it will be retained in the dead file and cancelled.*
*1) Your appeal was reviewed by the Hiring Authority and deemed to be a supervisory issue.*
*2) One Continuous page ONLY - take all other pages off you will be provided an interview*
*3) Complete Section A & B ONLY you have not right to Bypass only appeals staff can complete this task*
*4) Sign and date the appeal*
*Again you will be required to follow the guidelines set forth by Title 15. Failure to cooperate will deem this appeal CANCELLED!*

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

---

**PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE**

STATE OF CALIFORNIA                                               DEPARTMENT OF CORRECTIONS

CDC 1858 (2/97)

# RIGHTS AND RESPONSIBILITY STATEMENT

*The California Department of Corrections has added departmental language (shown inside brackets, in non-boldface type) for clarification purposes.*

**Pursuant to Penal Code 148.6, anyone wishing to file an allegation of misconduct by a departmental peace officer must read, sign and submit the following statement.**

**YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER** [this includes a departmental peace officer] **FOR ANY IMPROPER POLICE** [or peace] **OFFICER CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS'** [or inmates'/parolees'] **COMPLAINTS. YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE. THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY. CITIZEN** [or inmate/parolee] **COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.**

**IT IS AGAINST THE LAW TO MAKE A COMPLAINT THAT YOU KNOW TO BE FALSE. IF YOU MAKE A COMPLAINT AGAINST AN OFFICER KNOWING IT IS FALSE, YOU CAN BE PROSECUTED ON A MISDEMEANOR CHARGE.** [An inmate/parolee who makes a complaint against a departmental peace officer, knowing it is false, may be issued a serious disiplinary rule violation, in addition to being prosecuted on a misdemeanor charge.]

| COMPLAINANT'S PRINTED NAME | COMPLAINANT'S SIGNATURE | DATE SIGNED |  |
|---|---|---|---|
| Charles Walton | | 2-13-08 | |
| INMATE/PAROLEE PRINTED NAME | INMATE/PAROLEE'S SIGNATURE | CDC NUMBER | DATE SIGNED |
| Charles Walton | | F48589 | 2-13-08 |
| RECEIVING STAFF'S PRINTED NAME | RECEIVING STAFF'S SIGNATURE | DATE SIGNED | |

DISTRIBUTION:
ORIGINAL -
Public - Institution Head/Parole Administrator
Inmate/Parolee - Attach to CDC form 602
Employee - Institution Head/Parole Administrator
COPY - Complainant

99 of 118                                    (94)

State of California   Department of Corrections    Avenal State Prison                    Prior Page Number:___

CHRONOLOGICAL INTERDISCIPLINARY PROGRESS NOTES:                    All Staff, Clinicians, Treatment Teams.

| Date: | Time: | Staff: | Reason for Visit | Scheduled Length: |
|-------|-------|--------|------------------|-------------------|
| 8/17/2007 | 13:15 | OLSEN | Referral Olsen Review | 0.5 |
| Housing: | 410 1 00000078U | | Release Date: 2012 | |

CONTACT:  ☑ Case Manager  ☐ IDTT  ☐ Psychiatrist  ☐ Individual  ☐ Other

Completed? ☐ Yes/ No   ☑ Out of Cell  ☐ Cell Front   Reason not Completed _____

REFERRED BY: ☑ MH  ☐ Custody  ☐ Medical  ☐ Emergency  ☐ I/M Request  ☐ Other

**Subjective:** Inmate is seen for Olson Review. However, his chart is not available at this time. Inmate also sent in a letter describing difficulties he is having in the dorm setting. He describes situations where _____

**Objective:** Inmates attempt to touch him inappropriately, but indicates he takes care of these situations himself. Inmate is also having nightmares about C/Os hurting him. He wants his letter included in the _____ + medical file.

**Assessment:** Inmate is calm. Affect appropriate. ∅ A/VH ∅ Psychosis. Denies SI/ HI ∅ GD. MSE WNL.

See WPR for Axis I Dx.

GAF = 55

**Plan:** 1) Continue _____
2) Refer to Psychiatrist for meds eval.
3) Reschedule Olson Review.

**Education:** Discussed y _____

R. Brent Olsen, PsyD
Clinical Psychologist

Follow up: _____

| MENTAL HEALTH INTERDISCIPLINARY PROGRESS NOTES | LEVEL OF CARE: | Last Name: | First Name: |
|---|---|---|---|
| MH 3  [3/21/96] | CCCMS | WALTON | CHARLES |
| Confidential Client/Patient Information See W I Code, Section 5328 | | CDC #  F48589 | DOB  7/6/1973 |

1    Amended, Gabriela Resindez, Staff Complaint (unassigned)

2    Tab 1   Amanded Complaint submitted 2/12/08                                          97

3        1-1  3/12/08  Screenout (threatening to cancel Plaintiff appeal)               97

4        1-2  Staff Complaint ("602") Plaintiff submitted 2/12/08                        98

5        1-3  Unassigned rights and responsibility Statement                            99

6        1-4  4/17/07  R Navarro (Litagation Coordinator) Procedure Memorandum           100

7        1-5  2/26/08  Screenout alleging that Plaintiff failed to provide documents     101

8        1-6  Plaintiffs response to 2/26/08 Screenout submitted 3/6/08                  102

9        1-7+8  Documents Supporting Plaintiffs allegations.                            103 >
                                                                                         104 >

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27        

28



State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

March 12, 2008

**WALTON, F48589**
320 00000000080L

Log Number: ASP-M-
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

*This appeal constitutes an abuse of the appeal process pursuant to CCR 3084.4. Refusal to interview or cooperate with reviewer shall result in cancellation of the appeal per CCR 3084.4(d).*

*You were not refused a certified copy, Accounting staff requested you submit your paperwork in it's entirety, including your court case documents. Once you complete your obligation of supply the correct documents they will be able to provide you with your request. It is vital within CDCR that you abide by directive in it's entirety to ensure the appropriate response.*

N. Lopez/ S. T. Smith/ H. R. Allison
Appeals Coordinator
Avenal State Prison

A(4) 1

NOTE: Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

---

**PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE**

102 8/18
102 8/18

(97)

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

| | Location: Institution/Parole Region | Log No. | Category |
|---|---|---|---|
| | 1. _____ | 1. _____ | _____ |
| | 2. _____ | 2. _____ | _____ |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly. Attention file pursuant CCR section 3084.5.(a)(5)(G)..

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Walton | F48589 | N/A | 320-80L |

A. Describe Problem: January 24 and 27, 2008 ____, Walton was refused copies of his CERTIFIED TRUST ACCOUNT STATMENT, for a Court filing Deadline, that he clearly stated was 2-14-08.(2) Yet,Gabriela Resendez (inspite of her knowledge of procedure regarding this issue; see attached Navarro MEMORANDUM dated 4-17-07) refused to follow, office procedure(as she has done in the past) and forward the requested documents to the apropriate CDCR Personnel(inmate Walton's Counselor).; see attached Navarro Memorandum.

  (3) This Employee Misconduct Complaint is being raised in full compliance with 15 CCR's Sections 3084.1.(e) and 3391. et seq.; for obstructing an inmates right of access to the court

If you need more space, attach one additional sheet. *Please be sure to sign Rights & Responsibility Statemen*

B. Action Requested: (1) Provide Tracking Number.(2) That CDCR pay All expenses that Walton may incur as a result CDCR's Personnals actins.(3) Forward Walton's Certification Of Funds & Trust Account Statement to Him(/his counselor).(4) That Walton be transfered away from Avenal Sta Prison, were he will nolonger suffer any forms of retaliation/reprisal for challenging the conditions of his confinement.

Inmate/Parolee Signature: _____    Date Submitted: 2-12-08

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

**BYPASS**

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

**BYPASS**

Signature: _____    Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed    CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim.

RECEIVED
FEB 2 1 2008
ASP APPEALS OFFICE

RECEIVED
MAR 1 2 2008
ASP APPEALS OFFICE

(98)
1 of 7

103 of 118

First Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

_____

_____

_____

_____

_____

_____

Staff Signature: _____ Title: _____ Date Completed: _____

Division Head Approved:                                                    Returned

Signature: _____ Title: _____ Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____ Date Submitted: _____

Second Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____ Due Date: _____
☐ See Attached Letter

Signature: _____ Date Completed: _____

Warden/Superintendent Signature: _____ Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

_____

_____

_____

_____

_____

Signature: _____ Date Submitted: _____

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

...................................................................................................................

DIRECTOR'S ACTION:    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____
☐ See Attached Letter
                                                                    Date: _____

CDC 602 (12/87)

STATE OF CALIFORNIA                                                      DEPARTMENT OF CORRECTIONS

CDC 1858  (2/97)

# RIGHTS AND RESPONSIBILITY STATEMENT

*The California Department of Corrections has added departmental language (shown inside brackets, in*
*non-boldface type) for clarification purposes.*

> *Pursuant to Penal Code 148.6 any person wishing to file an allegation of misconduct by a*
> *departmental peace officer must read, sign and submit the following statement.*

YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER [this includes a
departmental peace officer] FOR ANY IMPROPER POLICE [or peace] OFFICER CONDUCT.
CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS'
[or inmates'/parolees'] COMPLAINTS. YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS
PROCEDURE. THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH
EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE
THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER
BEHAVED IMPROPERLY. CITIZEN [or inmate/parolee] COMPLAINTS AND ANY REPORTS OR
FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE
YEARS.

IT IS AGAINST THE LAW TO MAKE A COMPLAINT THAT YOU KNOW TO BE FALSE. IF YOU MAKE A
COMPLAINT AGAINST AN OFFICER KNOWING IT IS FALSE, YOU CAN BE PROSECUTED ON A
MISDEMEANOR CHARGE. [An inmate/parolee who makes a complaint against a departmental peace
officer, knowing it is false, may be issued a serious disiplinary rule violation, in addition to being prosecuted
on a misdemeanor charge.]

| COMPLAINANT'S PRINTED NAME | COMPLAINANT'S SIGNATURE | DATE SIGNED |  |
|---|---|---|---|
| Charles Walton | | 2-12-08 | |
| INMATE/PAROLEE PRINTED NAME | INMATE/PAROLEE'S SIGNATURE | CDC NUMBER | DATE SIGNED |
| Charles Walton | | F-48589 | 2-12-08 |
| RECEIVING STAFF'S PRINTED NAME | RECEIVING STAFF'S SIGNATURE | DATE SIGNED | |

DISTRIBUTION:
ORIGINAL -
Public - Institution Head/Parole Administrator
Inmate/Parolee - Attach to CDC form 602
Employee - Institution Head/Parole Administrator
COPY - Complainant



(99)
2 of 7

124 of 118

STATE OF CALIFORNIA – DEPARTMENT OF CORRECTIONS AND REHABILITATION          ARNOLD SCHWARZENEGGER, GOVERNOR

# Memorandum

Date   :    April 17, 2007

To     :    All Correctional Counselors

Subject:    **TRUST ACCOUNT STATEMENTS TO COURTS**

COURT FILING PROCESS AND PROCEDURE:

Process:

The process is to ensure that:

- The inmate does not have access to the original certified trust account statement.
- The inmate's legal documents and trust account statement arrive together at the court.
- The institution is not responsible for mailing the legal documents to the courts.

Procedure:

- The Trust Office will certify the amount of funds in the inmate's account on the required documents and will provide a certified Inmate Trust Account Statement. The Trust Office will then forward them to the institutions Litigation Coordinator's office.
- The Litigation Coordinator logs the documents in at his/her office and forwards them to the inmate's assigned Correctional Counselor. **It is imperative that the Correctional Counselor process this legal process, expeditiously. There should not be an unreasonable delay in returning the Trust Account Statement to the inmate.**
- The Correctional Counselor then has the inmate bring in his legal documents in an unsealed envelope addressed to the appropriate court.
- The Correctional Counselor inserts the certified forms in the envelope in the presence of the inmate; the inmate seals the envelope and it is processed out of the institution as Legal Mail.
- The inmate is provided with a non-certified copy of the trust records.

If you have any questions or concerns, please contact me at extension 6851.


R. NAVARRO
Litigation Coordinator
Avenal State Prison

(100)

105 of 118

3 of 7

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

*February 26, 2008*

*WALTON, F48589*
*320 00000000080L*

Log Number: ASP-M-
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

*Your appeal is incomplete. You must include supporting documentation. All documents must be legible. (If necessary, you may obtain copy(ies) of requested documents by sending your request with a signed trust withdrawal form to your assigned counselor.) Your appeal is missing:*

*Your appeal was processed per AB 05 03 through the Hiring Authority for review of Staff Complaint. In order to assign the appeal we will require additional information about your submittal to accounting. What day did you submit to accounting? You state you were refused on 1/24 may we have a copy to verify reason for refusal?*

N. Lopez/ S. T. Smith/ H. R. Allison
Appeals Coordinator
Avenal State Prison

**NOTE:**  Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

(101)

| PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE |
| --- |

106 8118                                         4 87

Litigation/Appeals Coordinator(s)
(N. LOPEZ/ S.T. SMITH/ H.R. ALLISON)
Avenal State Prison

March 6, 2008

RE: First Level Screening dated February 26, 2008(see attached)


I have attached the requested documents, in order for you continue processing
this Staff Complaint.

I stated that I was refused a Certified Trust Account Statement January 27
as well as January 24, 2008(see attachments). Please see attached Navarro
MEMORANDUM for the correct procedure, when processing inmate request for
Certified Trust Statements/Certification of Funds.

You further request that I provide a trust withdrawl statement, to abtain
copies of documents you already have access to. Please cite the Rules and
Regulations Governing such Directives.


CHALES WALTON, F48589


P.S. Please provide copy of A.B. 05/03.


# EXHIBIT A

(102)

5 of 7

107 of 118

```
REPORT ID: TS3030  .701                          REPORT DATE: 01/31/08
                                                 PAGE NO:        1

                    CALIFORNIA DEPARTMENT OF CORRECTIONS
                           AVENAL STATE PRISON
                       INMATE TRUST ACCOUNTING SYSTEM
                       INMATE TRUST ACCOUNT STATEMENT


              FOR THE PERIOD: AUG. 01, 2007 THRU JAN. 31, 2008


ACCOUNT NUMBER : F48589          BED/CELL NUMBER: 320 00000000080L

ACCOUNT NAME   : WALTON, CHARLES EVERETT   ACCOUNT TYPE: I

PRIVILEGE GROUP: A
```

| STATE OF CALIFORNIA GA-22 (9/92) | **INMATE REQUEST FOR INTERVIEW** | DEPARTMENT OF CORRECTIONS |
|---|---|---|

| DATE | TO | FROM (LAST NAME) | CDC NUMBER |
|---|---|---|---|
| 1-27-08 | Trust Office Man/Sup | Walton | F48589 |

| HOUSING | BED NUMBER | WORK ASSIGNMENT | | JOB NUMBER |
|---|---|---|---|---|
| 320 | 80L | NA | | FROM        TO |

| OTHER ASSIGNMENT (SCHOOL, THERAPY, ETC.) | | ASSIGNMENT HOURS |
|---|---|---|
| NA | | FROM        TO |

### Clearly state your reason for requesting this interview.

You will be called in for interview in the near future if the matter cannot be handled by correspondence.

1) I have moved, as of 1-26-08, from #U 350 to 320; I requested a Certified trust statement (for a court deadline of 2-11-08) prior to this housing change.

2) I need a Certified Trust Account Statement by 2-11-08, for court deadline.

Thank You

Do NOT write below this line. If more space is required, write on back.

| INTERVIEWED BY | DATE |
|---|---|

DISPOSITION: We Need Your Legal Paper Work First, Then we can make your Certified copy of your statement. JR

```
01/15/2008   H109   LEGAL POSTAGE HOLD        703128LEPO      0.41
01/23/2008   H109   LEGAL POSTAGE HOLD        703240LEPO      1.48
01/24/2008   H109   LEGAL POSTAGE HOLD        703258LEPO      2.50
01/29/2008   H109   LEGAL POSTAGE HOLD        703324LEPO      0.04


                    * RESTITUTION ACCOUNT ACTIVITY


DATE SENTENCED: 10/23/06            CASE NUMBER: *FCR231965

COUNTY CODE: *SOL                   FINE AMOUNT: $  2,708.78


  DATE      TRANS.   DESCRIPTION          TRANS. AMT.    BALANCE
--------   ------    ----------------     ----------    ----------

08/01/2007  BEGINNING BALANCE              (105)        2,511.78
```

108 of 118                                    6 of 7

1    Amended. Mail Room. Appeal  ASP-M-08-00518

2    Tab 1   Amended Complaint submitted 1/9/08      106

3      1-1  Administrative Appeal submitted 1/9/08, ASP-M-08-00518    106

4      1-2+3  1st Formal Lvl response by L.Ochoa dated 2/26/08    107

5      1-4   Supporting Documents      109

6      1-5   Copy of the DOM § 5410.20.1      110

7      1-6   Supporting Documents      111

8      1-7&8  Copy of DOM      112
     113

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



**INMATE/PAROLEE
APPEAL FORM**
CDC 602 (12/87)

| | Location: | Institution/Parole Region | Log No. | | Category |
|---|---|---|---|---|---|
| | 1. | ASP | 1. | 08-0518 | 3 |
| | 2. | | 2. | | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Walton, Charles | F48589 | N/A | 320-A-80L |

**A. Describe Problem:** January 9, 2008 inmate Walton recieved opened confidential mail (that was marked confidential) from an employee of The United States Postal Service; Who is;

as defined under the 15 CCRs 3141 (a) ("...the staff member(s) of the person(s) listed...") in subsection (c)(2) ("All state and federal officials appointed by the governor or the President of The United States.")

- The Post Master General is appointed by the President, whose Staff Member I have been corresponding with, concerning official business of a legal nature.

- This correspondence is Part P of an ongoing investigation of matters presently being heard by the courts.

If you need more space, attach one additional sheet.

**B. Action Requested:** That Walton's Confidential Mail be processed in compliance with the procedures sixthforth/stated in the California Code of Regulations, Title Fifteen and that the responsible staff member be informed of the correct procedure.
- Provide, Tracking Number and the name & rank of the CDC employee responsible for this mishandling.
Sign and Date all appropriate sections as stated/directed in the DOM § 54100.11.1

Inmate/Parolee Signature: _____    Date Submitted: 1-9-08

**C. INFORMAL LEVEL (Date Received: 1-22-08 )**

Staff Response: partially granted. In that your legal mail be taken Care of - Accordingly to our book (see attached) Warden personm Signed from the attached envelope. Shows the date, sign. Also enclosed a copy of outgoing legal mail # OP009

Staff Signature: M. Chambers    Date Returned to Inmate: 2-7-08

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

I am dissatisfied. (1) Please stop opening my confidential mail. (2) If you have concerns open it in my presence. (3) I will be making a number of investigative inquiries in matters now before the courts. (4) Provide Tracking number.

Signature: _____    Date Submitted: 2-7-08

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim.

**RECEIVED**
FEB 1 5 2008
ASP APPEALS OFFICE

CDC Appeal Number:

08-0518

**RECEIVED**
JAN 1 6 2008
ASP APPEALS OFF.

(106)    A(5) 1

111 8 118

First Level   ☐ Granted   ☒ P. Granted   ☐ Denied   ☐ Other  _ASR-M-08-0519_

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _02/19/08_   Due Date: _4/2/08_

Interviewed by: _J. Montana_

_See attached_

_____

_____

_____

_____

_____

Staff Signature: _J. Montana_   Title: _Sergeant_   Date Completed: _2/26/08_

Division Head Approved:
Signature: _CAW_   Title: _Cn_   Returned Date to Inmate: _3/11/08_

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

_Dissatisfied. ① Appellant realleges all stated in section "E" of this appeal ② You have failed to provide the NAME and Rank of the individual(s) responsible ③ Further there is no section 3141 (b)(9) of the Title 15 Cal. Code of Reg. ④ I have recently recieved mail (confidential) that was opened outside of my presence. So your staff are still disobeying your Orders?_

Signature: _____   Date Submitted: _3/18/08_

Second Level   ☒ Granted   ☐ P. Granted   ☐ Denied   ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____   Due Date: _____
☐ See Attached Letter

Signature: _____   Date Completed: _____

Warden/Superintendent Signature: _____   Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

_____

_____

_____

_____

_____

_____

Signature: _____   Date Submitted: _____

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

·······························································

DIRECTOR'S ACTION: ☐ Granted   ☐ P. Granted   ☐ Denied   ☐ Other _____
☐ See Attached Letter

Date: _____

CDC 802 (12/87)

REPORT ID: TS3030  .701

REPORT DATE: 01/31/08
PAGE NO:     1

CALIFORNIA DEPARTMENT OF CORRECTIONS
AVENAL STATE PRISON
INMATE TRUST ACCOUNTING SYSTEM
INMATE TRUST ACCOUNT STATEMENT

FOR THE PERIOD: AUG. 01, 2007 THRU JAN. 31, 2008

ACCOUNT NUMBER : F48589          BED/CELL NUMBER: 320 00000000080L

ACCOUNT NAME

---

**INMATE REQUEST FOR INTERVIEW**

STATE OF CALIFORNIA
GA-22 (9/92)

DEPARTMENT OF CORRECTIONS

| DATE 1-24-08 | TO Trust Office | FROM (LAST NAME) Walton | CDC NUMBER F48589 |

| HOUSING 350 | BED NUMBER 38L | WORK ASSIGNMENT NA | JOB NUMBER FROM ___ TO ___ |

| OTHER ASSIGNMENT (SCHOOL, THERAPY, ETC.) NA | | ASSIGNMENT HOURS FROM ___ TO ___ |

**Clearly state your reason for requesting this interview.**
You will be called in for interview in the near future if the matter cannot be handled by correspondence.

Certified Trust Statement, For Court Deadline 2-14-08

Do NOT write below this line. If more space is required, write on back.

INTERVIEWED BY                                                    DATE

DISPOSITION  We Need your Legal Paper work, Along with this Request. Make Sure Your Paper work is Complete when Submitting To the Trust office

| 01/10/2008 | H109 | LEGAL POSTAGE HOLD | 703042LEPO | 1.99 |
| 01/14/2008 | H109 | LEGAL POSTAGE HOLD | 703103LEPO | 0.41 |
| 01/15/2008 | H109 | LEGAL POSTAGE HOLD | 703128LEPO | 0.41 |
| 01/23/2008 | H109 | LEGAL POSTAGE HOLD | 703240LEPO | 1.48 |
| 01/24/2008 | H109 | LEGAL POSTAGE HOLD | 703258LEPO | 2.50 |
| 01/29/2008 | H109 | LEGAL POSTAGE HOLD | 703324LEPO | 0.04 |

* RESTITUTION ACCOUNT ACTIVITY

DATE SENTENCED: 10/23/06          CASE NUMBER: *FCR231965
COUNTY CODE: *SOL                 FINE AMOUNT: $  2,708.78

| DATE | TRANS. | DESCRIPTION | TRANS. AMT. | BALANCE |
|------|--------|-------------|-------------|---------|
| 08/01/2007 | | BEGINNING BALANCE | | 2,511.78 |

(104)

709 of 118

State of California                                    Department of Corrections and Rehabilitation

# Memorandum

**DATE:**   February 26, 2008

**TO:**   Inmate WALTON, F-48589

**SUBJECT:**   First Level Response

**APPEAL LOG NUMBER:**   ASP-M-08-00518

**INTERVIEWED BY:**   J. Montana-Hiller, Mailroom Sergeant

**APPEAL DECISION: PARTIALLY GRANTED**

**APPEAL ISSUE:**   MAIL

It is your contention Avenal State Prison Mailroom Staff failed to process your alleged confidential mail as "confidential". Your action requested is as follows:

1. That Walton's confidential Mail is processed in compliance with the procedures set forth in the California Code of Regulations, Title 15.
2. That the responsible staff member be informed of the correct procedure.
3. Provide a tracking number, name and rank of the CDC employee responsible for this mishandling.
4. Sign and Date all appropriate sections as stated/directed in DOM section 54100.11.1

**APPEAL RESPONSE:** Your appeal has received careful consideration and has been thoroughly researched. Your appeal was referred for First Level Review on February 19, 2008. You were interviewed by me concerning your appeal on February 26, 2008, in order to provide you an opportunity to fully explain your appeal and to provide any supporting evidence or documents.

During your interview you reiterated your request as in your appeal. I have conducted a fact-finding inquiry into this matter and gathered the following information. There are no indications of any violations of Departmental policy in this case. The Avenal State Prison Mailroom opened the envelope in question (refer to attached copy). Mailroom staff adhered to proper procedures. The envelope failed to fit confidential criteria as set forth in California Code of Regulations Title 15 Section 3141 (b) (9) and Department Operations Manual 54010.20.1

Based on the above it was determined that your confidential Mail was processed in compliance with the procedures set forth in the California Code of Regulations, Title 15. I have attached a printout with a record of your legal/confidential Mail at Avenal.

You have not been able to substantiate your allegations that there has been any intentional or unintentional miss handling of your mail. All legal mail will be handled and processed per policy and procedure.

112 of 118                           (107)

(Inmate Appeal Log #ASP-M-08-00518 continued)

Considering the above information, your appeal is partially granted at the First Level of Review.

**J. Montana-Hiller**
Correctional Sergeant
Mailroom
Avenal State Prison

**L. Ochoa**
Associate Warden
Complex B, Central Operations
Avenal State Prison

(108)

113 8 118


**UNITED STATES**
**POSTAL SERVICE**

United States Postal Service
475 L Enfant Plaza SW
Washington DC 20260-6440

DOES NOT MEET TITLE 15
LEGAL CRITERIA
PER SECTION 3141
3134 (a)

"Confidential"

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
Charles Everett Walton Jr. F48589
Avenal State Prison
PO Box 8
Avenal, CA  93204-0008

350-2-33.0

114 of 118                    (109)

**54010.20.1 Persons With Whom Inmates May Correspond Confidentially**

Persons and [staff members] of persons with whom inmates may correspond confidentially include:

☐ All state and federal elected officials.

☐ All state and federal officials appointed by the governor or the President of the United States.

☐ All city, county, state, and federal officials having responsibility for the inmate's present, prior, or anticipated custody, parole, or probation supervision.

☐ All state and federal judges and courts.

☐ Any attorney at law listed with a state bar association.

☐ A representative of the public news media defined as a full-time reporter for a daily newspaper, daily radio or television programs, and recognized general coverage news magazines.

☐ The Director, Chief Deputy Director, Deputy Directors, Assistant Directors, Executive Assistant to the Director, and the Chief, Inmate Appeals, of the Department.

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

lllı.ı.ıl..ı.ıl..lllı.ı.llı.ı.ll...ı.l.ı.llıı.ıllıı.ıll.ı.ıll.ı
Charles Everett Walton Jr. F48589
Avenal State Prison
PO Box 8
Avenal, CA 93204-0008

DT MEET TITLE 15
AL CRITERIA
SECTION 3141
3.34 (a)

(III)

Confidential

recommend approval or denial, sign the form, and forward it to the designated person to authorize approval.

The reviewer shall approve or deny the request and sign the CDC Form 1074. If the request is denied, copies shall be distributed as follows:

- One copy to the mail room file.
- One copy to the C-File.
- One copy sent to the facility/parole office.
- One copy sent to the requesting inmate/parolee as notification of denial.

If the request is approved, four copies of the form shall be forwarded to the facility housing the proposed inmate correspondent or the parolee's agent, and one copy of the form shall be retained as a pending copy.

Each counselor/Parole Agent shall ensure that the mailroom and housing unit staff receive a copy of CDC Form 1074 for each approved inmate/parolee correspondent.

The mail room supervisor shall establish and maintain a record of CDC Form 1074s for approval/denial of correspondence relating to this section.

### 54010.14.1     Transfers

Approval to correspond, pursuant to DOM 54010.14, shall remain in effect upon transfer to another departmental facility or another parole office.

If an inmate's transfer is based on changes in case factors, such as an increase in custody level, a reexamination of all approved correspondents shall occur.

The initial classification committee shall notify the mailroom and housing unit staff of any changes in approved correspondence. Upon a parolee's transfer, the agent of record shall notify the appropriate staff.

### 54010.15     Unapproved Correspondence

If a facility receives mail from an unapproved inmate/parolee correspondent, staff shall mark the envelope with "Not An Approved Correspondent" or equivalent language and return it to the inmate/parolee. If it is returned to a facility, the facility shall handle the returned item in accordance with DOM 54010.29.

### 54010.16     Photographs

Inmates may receive by mail photographs without attached backings. The following list of items cannot be received:

- Photographs framed in such a manner that they cannot be adequately searched.
- Polaroid photographs.
- Negatives.
- Slides.
- Photo albums (available through canteen).

Any unacceptable mail shall be immediately returned to sender showing stamped on the envelope, "Unauthorized Mail, Return To Sender."

Polaroid photographs taken inside the facility through authorized programs shall be permitted.

There is no limit on the number of photographs an inmate may receive at any one time, except the limit that applies to the total amount of personal property.

### 54010.17     Contests

Inmates shall not participate in any contest advertised or sponsored by the media when a financial obligation is involved or when such participation shall result in an expense to the facility beyond cost of processing mail.

If lottery tickets, etc., are discovered in incoming inmate mail, the entire envelope and contents shall be returned to sender with a preprinted notice to the sender which states:

"Inmates are not permitted to receive or possess any instrument used in a game of chance (i.e. state lottery tickets, sweepstakes tickets, etc.). Please remove the unauthorized item(s) from this envelope and feel free to send the letter to the addressee.

Thank you for your cooperation.

Mail Room Staff
(Facility)"

### 54010.18     Publications

Inmates may subscribe to:

- Newspapers.
- Periodicals.
- Books (directly from the publisher or vendor).

- Legal materials.
  **Exclusions**

Publications received through the USPS may be excluded when containing the following subject matter:

- Describing the making of:
  - Weapons.
  - Explosives.
  - Poison.
  - Destructive devices.
- Portraying or describing a sexual assault upon a correctional employee (by discretion of The Director).
- Unsolicited advertisements, brochures, fliers or catalogs.

Wardens may approve inmates receiving new and used books and periodicals from sources other than the publisher or vendor. Approved publications received from correspondents, donors, etc., shall be very closely inspected and shall be excluded only for the reasons described in DOM 54010.6.

### 54010.19     Inmate Manuscripts

Manuscripts include written, typed or printed articles of fiction and nonfiction, poems, essays, gags, plays, skits, paintings, sketches, drawings, or musical compositions created by an inmate.

Any manuscript remains the property of the inmate who created it. It may be retained in the inmate's possession.

If unauthorized state materials have been used in the creation of a manuscript, the item may be impounded pending disciplinary action and reimbursement by the inmate for any unauthorized state material used.

Incoming and outgoing manuscripts shall be processed as regular mail in accordance with the provisions of this manual section.

### 54010.20     Confidential Correspondence

Inmates may correspond confidentially with the persons or the staff members of the persons listed in DOM 54010.20.1 of this manual. Confidential correspondence is defined as correspondence that shall not be read by any employee except as prescribed in DOM 54010.20.2.

Confidential correspondence is a right guaranteed by law. Using confidential correspondence for personal non-business correspondence, the transmission of contraband items, or the smuggling of letters and other communications to be forwarded to persons not listed in DOM 54010.20.1 is an abuse of this right and such proven abuse shall be subject to disciplinary action.

### 54010.20.1     Persons With Whom Inmates May Correspond Confidentially

Persons and staff members of persons with whom inmates may correspond confidentially include:

- All state and federal elected officials.
- All state and federal officials appointed by the governor or the President of the United States.
- All city, county, state, and federal officials having responsibility for the inmate's present, prior, or anticipated custody, parole, or probation supervision.
- All state and federal judges and courts.
- Any attorney at law listed with a state bar association.
- A representative of the public news media defined as a full-time reporter for a daily newspaper, daily radio or television programs, and recognized general coverage news magazines.
- The Director, Chief Deputy Director, Deputy Directors, AssistantDirectors, Executive Assistant to the Director, and the Chief, Inmate Appeals, of the Department.

### 54010.20.2     Processing of Outgoing Confidential Mail

In order to be accepted and processed as confidential correspondence, an inmate's letter shall comply with the following requirements:

- The letter shall be addressed to a person, official, or office listed in DOM 54010.20.1.
- The inmate's full name and address of the facility shall be included in the return address appearing on the outside of the envelope.
- The word "confidential" shall appear on the face of the envelope. Mail received in the mail room without this notice of confidentiality shall be processed as regular mail. If for any reason the mail cannot be processed as regular mail, it shall be returned to the sending inmate.
- The inmate wishing to post confidential mail shall do so by presenting the mail unsealed to designated staff. In the presence of the inmate, the

1178118

staff shall remove the contents of the envelope upside down to prevent inadvertent reading of the contents. If no prohibited material is discovered, the contents shall be returned to the envelope and in the presence of staff, sealed by the inmate. Staff shall sign the back of the envelope and deposit the confidential mail in the appropriate depository.

- Inmates shall provide sufficient postage, or a fully completed CDC Form 193, Trust Withdrawal, attached to the outside of the document.
- Staff shall sign the back of the envelope and deposit the confidential mail in the appropriate depository.
- It is the responsibility of the first watch housing unit staff to transport inmate mail to the appropriate depository as designated by the Warden.
- If prohibited material is found in the confidential mail, the contents, including the letter, may be confiscated or the letter returned to the inmate. If the prohibited material indicates a violation of the law or an intent to violate the law, the matter may be referred to the appropriate criminal authorities for possible prosecution. Administrative disciplinary action shall also be taken.

### 54010.20.3    Mailing of Legal Documents

Legal mail submitted with a trust withdrawal to pay for filing fees or other costs may be left unsealed so that the voucher (check) can be enclosed after the trust withdrawal has been processed. Inmates who do not wish to forward this type of mail unsealed should attach a stamped, addressed envelope to the legal mail so the check can be enclosed and forwarded in the extra envelope.

Notarization of legal documents is not normally required by the courts and shall not be provided as a free service to any inmate. Inmates shall pay the established notary fee for such service.

### 54010.20.4    Postage for Indigent Inmates for Correspondence to the Courts and Other Persons as Required

*Revised August 13, 1992*

Postage shall be provided to indigent inmates as defined below for correspondence to the courts or the parties and other persons required to be served in litigation per applicable court rules. These parties may include the AG's Office, the inmate's attorney(s), persons named as a defendant in the law suit, and the Director's Office.

- For the purposes of mailing correspondence to the courts or other parties to the litigation, indigent inmate means one who is without funds at the time the material is submitted for mailing and remains without funds for 30 days after the documents are mailed.

### 54010.21    Processing Incoming Confidential Mail

Incoming letters bearing a return address of persons and offices listed in DOM 54010.21.1 shall be processed as confidential correspondence. A notice of or a request for confidentiality is not required. Designated staff shall open the letter in the presence of the addressed inmate at a convenient time and place. Staff shall not read any of the enclosed material. Staff shall remove the pages and shake them to ensure the absence of prohibited material. Items that may be sent from an attorney to an inmate as confidential include all written material within the letter or package. Those items such as newspaper clippings, law review articles, and legal documents, as well as attorneys' letters, are confidential and shall not be read by staff delivering the mail.

Inmates shall sign for all legal mail at the time of delivery. This shall be accomplished by use of a permanent logbook or use of receipts. If receipts are used, the receipts shall be forwarded to the mailroom for filing.

### 54010.22    Confidential Enclosures

Newspapers, published articles, books, etc., enclosed in confidential correspondence shall be treated as confidential and shall be handled in the following manner:

- When the staff delivering attorney/client confidential mail observes newspapers, books, or any other enclosure in such mail, the inmate shall be informed of available options concerning disposition of the items.

### 54010.22.1    Examination of Enclosures

The inmate may consent to an immediate examination of the enclosure by staff who issues the mail. Such examination shall be limited to the extent necessary to determine if the enclosure may be safely admitted into the facility under the standards of PC 2601. The conclusion of the examiner shall be written on the enclosure, and be dated and signed by the examiner. If the enclosure can be safely admitted into the facility, it shall be given to the inmate. If, in the examiner's opinion, the enclosure does not meet the

standards of PC 2601 and cannot be safely admitted into the facility, it shall be referred to facility staff at not less than the captain level for final determination. If not released to the inmate at this level, the inmate shall be allowed access to the enclosure as authorized in DOM 54010.22.2.

### 54010.22.2    Inmate Declines Consent for Examination of Confidential Disclosures

The inmate may decline to consent to examination of enclosures in confidential mail by any staff. When this occurs, the enclosure shall be immediately placed in a separate envelope and the envelope shall be sealed in the presence of the inmate. The outside of the envelope shall be annotated with the inmate's name and identification number, a notice that the content consists of unexamined confidential correspondence, the date the correspondence was received, and the name and address of the sender. The envelope shall then be placed in the inmate's unissued personal property or shall be stored in another place designated by the facility. The inmate shall be allowed the maximum possible access to that material for review and examination in a place or manner that shall prevent the material from being read by other inmates and staff.

### 54010.23    Confidentiality

Any person who examines the content of mail under the authority of this section or in connection with an appeal by an inmate of a ruling under this section shall keep the content of the examined material in strict confidence. No reference shall be made to the contents in any documentation that may be entered in the inmate's C-File.

### 54010.23    AD-SEG

Inmates assigned to AD-SEG, including special segregated housing, shall not be restricted in their sending and receiving of personal mail. However, incoming packages may be limited in number and content to that property permitted in the segregated unit to which an inmate is assigned.

Inmates confined in AD-SEG for any reason shall not be limited in their access to the courts.

### 54010.24    DD

The sending and receiving of first class mail shall not be restricted while an inmate is undergoing DD. Delivery or issue of packages, publications, and newspapers shall be withheld during DD.

Inmates confined in DD shall not be limited in their access to the courts. Legal resources may be limited to pencil and paper, which shall be provided upon request, for correspondence with an attorney or preparation of legal documents for the courts.

### 54010.25    Definition of Classes of Mail

U.S. postal regulations define first class mail as any handwritten or typewritten matter sealed in an envelope that has to be acted upon by the recipient. Second class mail as any daily or weekly publication. Third class mail as any matter that weighs up to a pound and not of a first class nature, e.g., advertising, mass mailings, etc. Fourth class mail as printed matter, e.g., catalogs, brochures, etc.

### 54010.26    Address

All outgoing mail shall be properly addressed, including the appropriate zip code.

### 54010.27    Return Address

Outgoing inmate mail shall contain the accurate return address in the upper, left corner of the envelope or package. It shall include the inmate's name, the inmate's departmental identification number, and the address designated by the facility for inmate mail. If the inmate sender's name appears on the outgoing mail, but the return address is incorrect or incomplete, the mail shall be returned to the sender. If the sender's identity cannot be determined by other means, the mail shall be opened and inspected for that purpose.

### 54010.28    Mail Returned by USPS

All undelivered letters and packages returned to a facility by the USPS shall be opened and inspected before being returned to the inmate. This inspection is to determine if the content originated with the inmate sender identified on the letter or package, and to prevent the transmission of material, substances, and property that an inmate is not authorized to possess in the correctional facility.

The inspection of returned mail includes regular mail and letters that were mailed as confidential correspondence.

In the case of returned confidential correspondence, the envelope shall be opened in the presence of the inmate. It shall be examined and read to the degree necessary to determine if it was sent by the inmate and opened or tampered with before its return to the facility. Upon completion of this examination, the returned correspondence shall be given to the inmate.

Charles Walton F48589
Avenal SP
P.O. Box 9, 320-80L
Avenal, Ca 93204

Office of the Clerk
U.S. N.Dis. Ct. of Cal.
450 Golden Gate Ave, 16th Floor
San Francisco, Ca 94102

1 of 3    GOES TO   The Clerk's Office
2 of 3      "        Chambers
3 of 3      "        Marshalls Copy

Marshalls Copy  Plaintiffe
Copy

1 of 3    Frank

CONFIDENTIAL

LEGAL MATERIAL